JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

A. Jordan Rushie

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Philadelphia, PA

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

A. Jordan Rushie, 2333 E Boston Street,
Philadelphia PA 19125
215-279-2163

## DEFENDANTS

Black and Gerngross, et al.

County of Residence of First Listed Defendant
Philadelphia *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Claudia P. Black

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S. Code § 1038(b)

Brief description of cause:
SWATTING

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$5,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
June 11, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print     Save As     Reset

Case 2:20-cv-02727-MSG Document 1 Filed 06/06/20 Page 2 of 24

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Alfred Jordan Rushie | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Black and Gerngross, e.t al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| June 12, 2020 | Alfred Jordan Rushie | Plaintiff |
| **Date** | **Attorney-at-law** Text | **Attorney for** |
| 215-279-2163 | | Jrushie@Rushielaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2333 E Boston Street, Philadelphia PA 19125__

Address of Defendant: __1122 Red Rose Lane, Philadelphia PA 19085__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

Text

---

***RELATED CASE, IF ANY:***

Case Number: __None__          Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐   No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐   No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?          Yes ☐   No ☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __June 12, 2020__          ___<span style="color:red">Must sign here</span> Text___          __209066__
          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.      *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☒ 11. All other Federal Question Cases
      *(Please specify):* __Anti-Swatting Act__

**B.      *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Alfred Jordan rushie__, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☒  Relief other than monetary damages is sought.

DATE: __June 12, 2020__          ___<span style="color:red">Sign here if applicable</span>___          __209066__
          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

Alfred Jordan Rushie and Megan M.      :
Young,                                 :
                                       :
            *Plaintiffs*                 :
                                       :
     v.                                :
                                       :
Black and Gerngross, P.C., Claudia P.  :
Black, Jenna Elise Rushie, Elizabeth   :
Santry, AJ Delforge, The City of       :
Philadelphia and John and Jane         :
Does 1-20                              :
                                       :
            *Defendants*                 :
_____

## COMPLAINT

### I.  Jurisdiction;

1.   This court has jurisdiction over the instant civil action pursuant to 28 U.S.1332(a)(1).

2.   This court also has has jurisdiction under the Communications Act of 1934.

3.   This court also has jurisdiction under 18 U.S. Code § 1038(b) and (c).

### II.  Plaintiffs;

4.   Plaintiff, Alfred Jordan Rushie, is a licensed attorney whose office and home is located at 2333 E Boston Street, Philadelphia, PA 19125.

5.   Alfred Jordan Rushie is the owner of Rushie Law PLLC, which has a registered address at 2333 E Boston Street, Philadelphia, PA 19125.

6. Megan M. Young is an adult individual residing with Rushie at 2333 E Boston Street, Philadelphia, PA 19125. She is Rushie's fiancé.

7. Young works for Rushie as a notary, paralegal, and expediter.

**III. Defendants;**

8. Defendant, Black and Gerngross, P.C., maintains an office at 1617 John F Kennedy Blvd #1575, Philadelphia, PA 19103.

9. Defendant, Claudia P. Black, is an attorney licensed in the Commonwealth of Pennsylvania and is an employee and *Of Counsel* at Black and Gerngross, with a registered address of 1617 John F Kennedy Blvd #1575, Philadelphia, PA 19103.

10. Defendant, Claudia P. Black resides at 1122 Red Rose Lane, Villanova, PA 19085.

11. Defendant, Jenna E. Rushie, resides at 3367 Cunnison Lane Soquel, CA 95073.

12. Defendant, AJ Delforge, resides at 3367 Cunnison Lane Soquel Ca 95073 with his wife, Jenna Rushie.

13. Defendant Elizabeth Santry, resides at 1501 So. 16th Street 19146. Santry works with young children.

14. Jenna Rushie and Elizabeth Santry are heavy users of narcotics and alcohol.

15. The defendant, the City of Philadelphia, maintains an office at 1515 Arch Street, Suite #15, Philadelphia, PA 19102.

16. The City Philadelphia is not being sued for monetary damages — simply return of property.

17. Defendants John and Jane Doe 1-20 will be identified in discovery.

18. The defendants are being sued in their individual and corporate capacities.

## IV. Facts:

### a. The Trust Fund, Breach of Fiduciary Duty, and Claudia Black's breach of the the Rules of the Pennsylvania Rules of Professional Conduct

19. Claudia P. Black, through Black and Gerngross P.C., administers a trust for Alfred Jordan Rushie.

20. Claudia P. Black is a licensed Pennsylvania attorney, governed by the Pennsylvania Rules of Professional Conduct.

21. Claudia P. Black has represented Rushie in several legal matters involving his health and financial situation.

22. This information was confidential.

23. In or about August of 2019, Claudia P. Black demanded that Rushie attend rehab at Geisinger Marworth under threat of "cutting him off from the family" and his trust account.

24. Rushie reluctantly agreed to attend Marworth under duress and threat of being cutoff from his trust account — which subsequently happened.

25. Geisinger Marworth is a 12-Step Program, which Rushie is adamantly against.

26. Nevertheless, Rushie successfully completed and program and was given a successful letter of discharge. (Exhibit A)[1].

---

[1] Black lied to family members, who are fellow trustees, and told them Rushie did not successfully complete the Marworth program. These misrepresentations violate Pa.RCP. 4.1 and 8.4. See attached Exhibit A.

23. Rushie was discharged after nineteen days because he exhibited no signs of mental illness or addiction[2].

24. Unbeknownst to Rushie, Black charged Rushie's trust account for attendance at Marworth — which he did not agree.

25. In strong-arming Rushie to attend the rehab program, Black also hired an "Intervention Specialist, and charged Rushie's trust account $5000.00 for doing so, unbeknownst to him.

26. Rushie met with the "Intervention Specialist" for about forty-five (45) minutes.

27. Inexplicably, Black refuses to identify the identify of the Intervention Counsel to Rushie, even though his trust account paid $5000.00 for his services.

28. In violation of the Rules of Professional conduct, Claudia P. Black, within the scope and duty of her representation of Rushie through Black and Gerngross P.C., disclosed certain confidential legal and HIPAA matters to Jenna E. Rushie.

29. Jenna E. Rushie is not an attorney nor does she administer Rushie's trust — she has no right to his confidential information. (Exhibit C). Jenna E. Rushie then spread this information on social media, to Young's family, to Rushie's church, his friends, and former roommate. Most, if not all, of what she said were lies and defamatory.

28. Black refuses to answer any of Rushie's emails or phone calls, in violation of Pa.RCP. 1.3.

29. Black has also violated Rushie's confidentially rights in breach of Pa.RCP. 1.6.

---

[2] Although Claudia Black and Jenna Rushie continue to "put the rabbit in the hat" by telling everyone that I went to rehab. I simply went to appease them — but there was no need.

30.  Black refuses to provide Rushie with an accounting of his trust.

**B. The SWATTING — 18 U.S. Code § 1038(b) and (c)**

31.  On or about May 5, 2020, Claudia P. Black, Jenna E. Rushie, and others repeatedly called the Philadelphia Police on Rushie.

32.  The Defendants falsely claimed Rushie was homicidal and suicidal.

33.  As a result, Rushie was arrested by fourteen (14) police officers at gunpoint and taken to Episcopal Hospital for a night.

34.  As a further result, the police pulled firearms out on Megan M. Young.

35.  As a further result, about $50,000.00 in firearms and ammunition were taken from Rushie's house without any basis whatsoever or a hearing.

36.  Rushie was almost immediately discharged from Episcopal Hospital because the charges were so obviously false. He was discharged with a clean bill of health after being evaluated by a medical doctor, psychiatrist, a physician's assistant, and taking a drug test.

37.  Nevertheless, Jenna E. Rushie thereafter spread several lies about Rushie on social media, to his church, Megan M. Young's parents, his friends, and former roommate,

38.  Jenna Rushie falsely stated that:

- Rushie pulled a gun on the police (not true)
- Rushie demanded death by police suicide (not true)
- Rushie is armed and dangerous (not true)
- Rushie "escaped" from Episcopal Hospital (not true)

    (Exhibit B).

'

39.  The above is all false.  The police will testify accordingly.

40.  These false police reports, made by Claudia Black, Jenna Rushie, and others, are referred to as a SWATTING and violate 18 U.S. Code § 1038(b) and (c)[3].

41.  On or about June 9th, Jenna E. Rushie, Claudia P. Black and others, attempted to SWAT Rushie and Young again.

42.  This time their attempt was not successful.

43.  Rushie requests the following:

**VI.  Request for Relief;**

Plaintiffs request the following relief;

44.  A trial by jury; and

45.  Compensatory damages against each defendant, jointly and severally, in an amount in excess of $80,000.00 (Eighty Thousand Dollars); and

46.  Punitive damages against each defendant, jointly and severally, in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars); and

47.  Any and all attorney fees incurred during the litigation of the instant suit; and

48.  Any and all filing fees and court costs associated with the instant suit; and

49.  A permanent injunction requiring the Defendants to remove all of the defamatory statements they published in regards to

---

[3] https://en.wikipedia.org/wiki/Swatting

Plaintiffs from their website, their Facebook and any other written or online source of distribution; and

50. Rushie's trust account turned over to a neutral third party; and

51. A referral of Claudia P. Black to the Pennsylvania Disciplinary Board; and

52. Return of Rushie's firearms from the City of Philadelphia; and

53. Any other relief it may appear the plaintiffs are entitled to.

Respectfully Submitted,

**Rushie Law PLLC**

Date: June 11, 2012

A. Jordan Rushie
JRushie@RushieLaw.com
Pa. Id. 209066
2333 E Boston Street
Philadelphia, PA 19125
P. 215-268-3978
F. 215-525-0909

# Exhibit A

Geisinger Marworth
PO Box 36, Lily Lake Road
Waverly, PA 18471
marworth.org



February 3, 2020

Alfred Jordan Rushie
2333 East Boston Street
Philadelphia, PA 19125

Dear Mr. Rushie:

This letter is to serve as documentation that you were a patient in our residential care alcoholism treatment program at Geisinger Marworth Treatment Center in Waverly, Pennsylvania.

You were admitted to Geisinger Marworth on September 6, 2019 and discharged on September 26, 2019. You successfully completed the full course of treatment recommended by our staff.

While you may certainly contact me for more information, the person most directly involved is Sean Andress, primary counselor, at 800-442-7722 x 8431 for assistance.

Sincerely,

*Kimberly Kabernagel, DO*

Kimberly Kabernagel, DO
Interim Medical Director
Geisinger Marworth

/lh

"This information has been disclosed to you from records whose confidentiality is protected by Federal Law. Federal Regulations (42 CFR Part 2) prohibits you from making any further disclosure of it without the specific written consent of the person to whom the information pertains or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is NOT sufficient for this purpose."

**Exhibit B**





He wanted suicide by cop

Please stay as FAR AWAY from him, and Megan for your safety. With this kind of news, I'm now HIGHLY concerned

The police have low key let Liberti know to not even let Jordan come by

He should be considered armed and dangerous

I don't mean to freak you out, but if you know ANYONE who may try and approach Jordan, please warn them

It's that serious, the police are actually AT EPISCOPAL to find out HOW he was able to leave, like no joke, he may have ran out



know to not even let Jordan come by

He should be considered armed and dangerous

I don't mean to freak you out, but if you know ANYONE who may try and approach Jordan, please warn them

It's that serious, the police are actually AT EPISCOPAL to find out HOW he was able to leave, like no joke, he may have ran out

And I don't care if you're on Jordan's and Megan's "side" on this. I honestly give NO FUCKS

But I cannot let Jordan hurt anyone but himself if it comes to that

If you reply, Jenna will be able to call you and see information like your Active Status and when you've read messages.

**I don't want to hear from Jenna**

# Exhibit C

**From:** **Jenna Elise** janey.jawn@gmail.com
**Subject:** Re: Need help?
**Date:** June 9, 2020 at 10:06 PM
**To:** A. Jordan Rushie jrushie@rushielaw.com



Yes exactly. No power, you've proved that to yourself today with your antics.

Don't make me buy your house and evict you from it.

You've really pushed me too far this time, and I don't see you as broken anymore. You're ruined & because you've been so abusive to the Pentony's and tried to pull a "dad & Joan" humiliation attempt on me, you're dead to us

Jenna Elise
(215) 868-7150

On Jun 9, 2020, at 18:47, A. Jordan Rushie <jrushie@rushielaw.com> wrote:

Yes it is. Like it or not. We just haven't processed the paperwork. Courts are closed.

Post whatever you want, but don't cry when I sue you.

No power.

Cheers! 🏴🇺🇸

Sincerely,

A. Jordan Rushie

On Jun 9, 2020, at 9:40 PM, Jenna Elise <janey.jawn@gmail.com> wrote:

That's not true, you stupidly forwarded me the emails begging for your trust to get you out of foreclosure, and I looked up your payment status today

The condition is that you go to, and complete rehab & then we'll pay your mortgage & chef boyardee aspirations

Need me to screencap those for your Facebook post, or do you have them?

Try me

Jenna Elise
(215) 868-7150

On Jun 9, 2020, at 18:28, A. Jordan Rushie <jrushie@rushielaw.com> wrote:

Paid up. $66k referral fee. Be hapoy to sue you for defamation. Try me.

Sincerely,

A. Jordan Rushie

On Jun 9, 2020, at 9:21 PM, Jenna Elise <janey.jawn@gmail.com> wrote:

Want me to start a gofundme?

<image0.png>
<image1.png>

Jenna Elise
(215) 868-7150

**From: Jenna Elise** janey.jawn@gmail.com
**Subject:** Yo
**Date:** May 28, 2020 at 11:23 AM
**To:** Jordan Rushie jrushie@rushielaw.com



Hey,
I love you, but you need to hear the truth:

You want to talk shit, you better bring it here and quit harassing the family

You and Joan need to get fucking jobs if you want to be chef boyardee, bc the reality is, no one owes you shit. No one owes me shit, and life gets a lot easier when you accept that and work hard instead

Stop being a victim of your past and be the man I know you are. Get a job, go exercise, stop thinking anyone believes a word you say

Also, keep my fucking name out of your mouth if you don't have the gull to tag me in your emails. I know it hurts to see that I'm more successful than you right now, but it's due to the fact that I faced my trauma and dealt with it. You can do it too. Listen to that book I sent you. Your trauma type is "fight" and it's why you and dad are so similar. His abuse caused you to be like this. But he still has power over you, bc you're allowing that trauma to run your life & ruin you

However, please dont ever think that you have any power over me, my reputation, my ethics, or hard work. I fucking lived through hell and back, picked myself up, and my position in life is a direct result of that

So, throw your smoke bombs, and accuse me of all the shit you want...but youre just a sad soul, and only embarrassing yourself further. Xander and the rest of the Pentony family know me, and they don't deserve your hate

Stop feeling sorry for yourself, stop lying, stop  catastrophizing

You're a fucking bully, but with NO power

NONE

No one is afraid of you. We never have been

Let that sink in for a minute

Jenna Elise
(215) 868-7150



**From:** **A. Jordan Rushie** jrushie@rushielaw.com
**Subject:** Re: Trust Issues
**Date:** February 11, 2020 at 4:34 PM
**To:** Claudia Pentony Black CPBlack@blackgern.com

---

Dear Aunt Claudia:

Treatment for what?  What have I been diagnosed with? And by whom?

I am unclear as to how you and Jenna were able to make a medical diagnosis. Don't you need a medical license to make a medical diagnosis?

Please keep in mind that I attended Marworth at your request. In doing so, I met with a medical doctor and psychiatrist. I received a letter of discharge in accordance with their medical advice.

That letter has been in your possession.

I am also unclear as to why you will not turn over my money to a neutral third party law firm. I suggested Mattioni Law but I am open. We can use Paul Troy or someone else.

Otherwise, I think we need to put this in court. I have been polite but you are leaving me with few options.

Kindly advise how you want to proceed.

Thank you.

Sincerely,

A. Jordan Rushie

On Feb 11, 2020, at 4:08 PM, Claudia Pentony Black <CPBlack@blackgern.com> wrote:

Dear Jordan,
I am not releasing the money to you or anyone else. All monies have been spent for your benefit.
I hope you seek treatment.

Claudia Pentony Black, Esquire
Black & Gerngross, P.C.
Suburban Station Building
Suite 1575
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103
Phone:  (215) 636-1650
Fax:      (215) 636-0268

---

**From:** A. Jordan Rushie <jrushie@rushielaw.com>
**Sent:** Tuesday, February 11, 2020 3:44 PM
**To:** Claudia Pentony Black <CPBlack@blackgern.com>
**Subject:** Trust Issues

Dear Aunt Claudia:

We are selling my Boston Street property and moving into Megan's place. The money is getting used to move somewhere else.

This move is due to the distress and interruption your "intervention" and Marworth had on my practice.

Do you intend to reimburse me for the cost of Marworth and the "intervention"

Do you intend to reimburse me for the cost of Marworth and the "intervention counselor? I did not authorize these charges.

I asked for a reply by Friday, February 7th, but I did not receive a response.

Are you okay?

The Mattioni law firm is willing to take over my trust account.

Kindly advise.

Thank you.

Sincerely,

A. Jordan Rushie



**From:** **Claudia Pentony Black** CPBlack@blackgern.com
**Subject:** Re: Documents
**Date:** February 6, 2020 at 3:17 PM
**To:** A. Jordan Rushie jrushie@rushielaw.com

Jordan,

   You are disabled by escalating mental illness and addiction. You called the Lower Merion Police yesterday and reported me as "unresponsive" because you wanted an answer to your email. Had you truly had a concern,  you could have contacted Uncle Jim, my children, your aunts, brother and sister, or eight cousins. Your actions may have caused someone to die. The paramedics and police were trying to revive a seriously ill person when they got distracted by your false report. You need to think about that.
You don't understand the consequences of your actions.

   You received one third of the principal balance on your 35th birthday and you borrowed $6000 in 2014. You probably don't remember.

   I don't need your consent to spend money on your behalf. I am not giving you the balance of the trust while you are disabled. Refer to my email of January 29th and get the medical help you so desperately need.

   I have complied with your request. I am not obligated to babysit you during your escalating mental illness.

Claudia Pentony Black

> On Feb 6, 2020, at 1:14 PM, A. Jordan Rushie <jrushie@rushielaw.com> wrote:
>
>  Thank you for this email.
>
> I did not authorize any payments to Marworth, the intervention counselor, or for the health insurance.
>
> All of the other payments are fine.
>
> I would like a more detailed accounting, as I have many questions. A bit of money seems to be missing.
>
> Kindly bear in mind that, on Marworth's advice, I tried to take some time off to recoup. Your actions hindered that. I also missed a month away from my law practice while in "rehab".
>
> Going to Marworth has, at best, destroyed my professional reputation.
>
> At this point, I would rather just be refunded for the unauthorized charges and have the remainder of the trust turned over to either me or Jennifer.
>
> Please let me know.
>
> Thank you.
>
> Sincerely,
>
> A. Jordan Rushie

>> On Feb 6, 2020, at 12:06 PM, Claudia Pentony Black <CPBlack@blackgern.com> wrote:
>>
>> # Dear Jordan,
>>    Attached are the documents you requested.
>>
>> # Best Regards,
>>
>> Claudia Pentony Black, Esquire
>> Black & Gerngross, P.C.
>> Suburban Station Building
>> Suite 1575
>> 1617 John F. Kennedy Boulevard
>> Philadelphia, PA  19103
>> Phone:  (215) 636-1650
>> Fax:     (215) 636-0268
>> <Accounting AJR.xlsx>
>> <Scan_0027.pdf>