**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Alfred Jordan Rushie and Megan M. Young,<br><br>Plaintiffs,<br><br>v.<br><br>Black and Gerngross, P.C., Claudia P. Black, Jenna Elise Rushie, Elizabeth Santry, AJ Delforge, The City of Philadelphia and John and Jane Does 1-20,<br><br>Defendants. | Case No.: 2:20-cv-02773-MSG |

**MEMORANDUM OF LAW IN SUPPORT OF THE EMERGENCY MOTION OF
DEFENDANTS BLACK & GERNGROSS, P.C., CLAUDIA P. BLACK, JENNA ELISE
RUSHIE, ELIZABETH SANTRY AND AJ DELFORGE FOR A TEMPORARY
RESTRAINING ORDER PURSUANT TO FED. R. CIV. P. 65(a) and (b) AND ORDER
TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Black & Gerngross, P.C. ("B&G"), Claudia P. Black ("Mrs. Black"), Jenna Elise Rushie

("Jenna"), Elizabeth Santry ("Elizabeth") and AJ Delforge ("AJ") (collectively, the "Moving

Defendants") hereby submit their memorandum of law in support of their Emergency Motion for

a Temporary Restraining Order and Preliminary Injunction ("TRO").

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTS .............................................................................................................. 2

      A.    The Parties ............................................................................................. 2

            1.    Plaintiffs ...................................................................................... 2

            2.    Moving Defendants ...................................................................... 2

      B.    Relevant Background ............................................................................. 3

      C.    All Filings in this Action To Date (Two Weeks) ................................... 5

III.  A TEMPORARY RESTRAINING ORDER SHOULD ISSUE AGAINST
      PLAINTIFFS ..................................................................................................... 8

      A.    Legal Standard ....................................................................................... 8

      B.    Moving Defendants Are Likely to Succeed on the Merits On Their Motions ........ 8

            1.    Motion For An Injunction Pursuant to the All Writs Act ........................... 8

            2.    Motion to Dismiss ...................................................................... 11

            3.    Motion for a More Definite Statement ......................................... 12

            4.    Motion to Strike ......................................................................... 13

      C.    Defendants Will Suffer Irreparable Harm in the Absence of Injunctive Relief ... 15

      D.    Greater Injury Will Result From the Denial of Injunctive Relief Than From
            the Grant of Injunctive Relief .............................................................. 15

      E.    The Public Interest Favors Granting Injunctive Relief ......................... 16

IV.   CONCLUSION ................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acierno v. New Castle Cty.*,
  40 F.3d 645 (3d Cir. 1994)................................................................................................15

*Ally v. Fanus*,
  1:19-CV-0357, 2019 WL 7875165, at *7 (M.D. Pa. Dec. 16, 2019), *report and recommendation adopted*, 1:19-CV-357, 2020 WL 583813 (M.D. Pa. Feb. 6, 2020) ...................................................................................................................................11, 12

*Am. Freedom Def. Initiative v. Se. Pennsylvania Transp. Auth.*,
  92 F. Supp. 3d 314 (E.D. Pa. 2015) ...................................................................................8

*Bibbs v. Strohmeyer*,
  No. CV 04-349, 2005 WL 8174357, at *2 (W.D. Pa. July 1, 2005), *report and recommendation adopted,* No. CV 05-41, 2005 WL 8174360 (W.D. Pa. July 26, 2005) ...................................................................................................................................12, 13

*Brow v. Farrelly*,
  994 F.2d 1027 (3d Cir.1993)..............................................................................................9

*Carone v. Whalen*,
  121 F.R.D. 231 (M.D. Pa. 1988)......................................................................................14

*Cope v. Hancock*,
  Case No. 5:18-cv-552-LCB, 2019 WL 414874 (N.D. Ala. Feb. 1, 2019)............................11

*Crooker v. U.S.*,
  2009 WL 6366792 (W.D. Pa. Nov. 20, 2009) .................................................................9

*Grossberger v. Ruane*,
  535 F. App'x 84 (3d Cir. 2013) ........................................................................................9

*Harrelson v. United States*,
  613 F.2d 114 (5th Cir. 1980) ............................................................................................9

*Holman v. Hooten*,
  CIV.A. 11-78, 2015 WL 3798473 (E.D. Pa. June 17, 2015)...................................................9

*Lawson v. City of Coatesville*,
  No. CIV.A. 12-6100, 2013 WL 4596129 (E.D. Pa. Aug. 29, 2013) ......................................14

*Maid of The Mist Corp. v. Alcatraz Media, LLC*,
  388 Fed. Appx. 940 (11th Cir. 2010)(unpublished)................................................................9

*Miller v. Mitchell*,
  598 F.3d 139 (3d Cir. 2010) ...........................................................................................8

*Mina v. Montgomery Cty.*,
  No. CV 18-5556, 2019 WL 2060111 (E.D. Pa. May 8, 2019) ...............................8, 9

*Pileggi v. Aichele*,
  843 F. Supp. 2d 584 (E.D. Pa. 2012) ...............................................................................8

*Rutt v. City of Reading, PA*,
  No. CIV.A. 13-4559, 2014 WL 988570 (E.D. Pa. Mar. 13, 2014) .........................13

*Watts v. Watts*,
  2:19-CV-02010, 2019 WL 1246230 (W.D. Ark. Mar. 18, 2019) ...........................11

*Wilkins v. Deutsche Bank Nat'l Trust Co.*,
  No. 4:12-CV-145-RH/CAS, 2012 WL 1890456 at *2 (N.D. Fla. Apr. 30,
  2012) report and recommendation adopted by 2012 WL 1886441 (N.D. Fla.
  May 21, 2012) ..................................................................................................................12

**Statutes**

18 U.S.C.A. § 31 ......................................................................................................................12

18 U.S.C.A. § 175 ....................................................................................................................12

18 U.S.C.A. § 229 ....................................................................................................................12

18 U.S.C.A. § 831 ....................................................................................................................12

18 U.S.C.A. § 841 ....................................................................................................................12

18 U.S.C.A. § 921 ....................................................................................................................12

18 U.S.C.A. § 1038(b) .......................................................................................................11, 12

18 U.S.C.A. § 1038(c) .............................................................................................................11

18 U.S.C.A. § 2271 ..................................................................................................................12

18 U.S.C.A. § 2331 ..................................................................................................................12

18 U.S.C. § 1038 ..............................................................................................................4, 5, 11

18 U.S.C. § 1038(a)(1) ............................................................................................................11

All Writs Act, 28 U.S.C. § 1651 ....................................................................................*passim*

Pennsylvania Mental Health Procedures Act of 1976 ...................................................3

**Other Authorities**

Fed. R. Civ. P. 8 .............................................................................................................12, 13

Fed. R. Civ. P. 12 ............................................................................................................1, 13

Fed. R. Civ. P. 12(b)(6) ................................................................................................1, 8, 12

Fed. R. Civ. P. 12(b)(6) ........................................................................................................11

Fed. R. Civ. P. 12(e) ..................................................................................................1, 6, 8, 12

Fed. R. Civ. P. 12(f) ..................................................................................................1, 8, 13

I.    **INTRODUCTION**

Plaintiff, Alfred Jordan Rushie ("Rushie"), a Pennsylvania licensed lawyer, has undertaken a course of conduct that includes the weaponization of this Court through the filing of multiple abusive, malicious, and vexatious documents, many of which also include appallingly irrelevant, disparaging and false allegations in what can best be described as a "family dispute" that has gotten horribly out of hand as a result of Plaintiffs' repeated meritless and nonsensical filings in the two weeks this Action has been pending.  Moving Defendants seek a TRO/Preliminary Injunction enjoining Plaintiffs from filing any more complaints or motions without first getting approval from the Court (possibly employing a similar process this Court uses for pre-Rule 12 motion conferences, except where the *proposed* complaint or motion is not publicly filed through ECF or otherwise).

Moving Defendants plan to file and brief: (1) a motion seeking an injunction under the All Writs Act, 28 U.S.C. § 1651, to control Plaintiffs' repeated incoherent filings; (2) a motion to strike scandalous allegations having no bearing on Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(f); (3) a motion to dismiss Plaintiffs' third (second amended) complaint (entitled "Amended Complaint Jurisdiction") (Doc. No. 14) under Fed. R. Civ. P. 12(b)(6); and (4) in the alternative, a motion for a more definite statement under Fed. R. Civ. P. 12(e).  Concurrent with the filing of this Motion, Moving Defendants are filing a pre-Rule 12 conference letter for the planned Rule 12 motions as is required by this Court.[1]

---

[1] Moving Defendants are separately dealing with other harassing and abusive schemes being employed by Rushie against them.  Rushie has called the police multiple times to their homes, and as discussed below, Rushie has sent threatening the Moving Defendants pictures of guns and ammunition including a picture of himself pointing an assault rifle toward the camera.  A Protection From Abuse Order was recently entered against Rushie in California by one of the Moving Defendants.

## II.   FACTS

### A.   The Parties

#### 1.   Plaintiffs

Rushie is not only a Pennsylvania licensed lawyer, he is also an experienced litigator. Rushie is a citizen of the Commonwealth of Pennsylvania.  As a litigator, it is fair to presume that Rushie knows the applicable federal and local rules and code of conduct for filing documents in this Court.

Plaintiff Megan M. Young ("Young") is Rushie's fiancé and is also a citizen of the Commonwealth of Pennsylvania.  It does not appear that any of the various complaints suggest a claim that can be maintained on her behalf.

#### 2.   Moving Defendants

The Moving Defendants have a familial relationship with Rushie:

1.      Defendant B&G is a Philadelphia-based law firm.  James J. Black, III ("Mr. Black") is a principal of the law firm.  Mr. Black, Rushie's uncle, is not named as a defendant.  Mr. Black is a well-respected member of the Pennsylvania and New Jersey bars.

2.      Defendant Mrs. Black is Rushie's aunt.  Mrs. Black is a Pennsylvania licensed lawyer and is associated with B&G.  Mrs. Black is also a well-respected member of the Pennsylvania bar.  Mrs. Black is a citizen of the Commonwealth of Pennsylvania.

3.      Defendant Jenna is Rushie's sister.  Jenna is a citizen of the State of California.

4.      Defendant Elizabeth is Rushie's cousin and is a citizen of the Commonwealth of Pennsylvania.  (It does not appear that any of the various complaints suggest any potential liability on the part of Elizabeth.)

5.     Defendant AJ is Jenna's husband (Rushie's brother-in-law).  AJ is a citizen of the State of California.  (It also does not appear that any of the allegations in the various complaints could possibly suggest any potential liability on the part of AJ.)

### B.     Relevant Background

The dispute underlying this Action relates to Rushie's deeply soured separation from certain of his family members.  Mrs. Black is the trustee of, *inter alia*, a trust established many years ago after the passing of Rushie's mother (Mrs. Black's sister) in which Rushie is the beneficiary.  Rushie is attempting to bypass the terms of the trust and improperly force the removal of Mrs. Black as the trustee so Rushie can have unfettered access to the money.  *See* Doc. No. 1 ¶¶19, 23, 27 and 28.

Without getting into the veracity of the parties' motives as alleged by Rushie, it is not disputed (because it is asserted in Plaintiffs' various complaints) that Rushie was the focus of an intervention for alcohol addiction.  *See id*. ¶¶25-26.  In September 2019, following the intervention, Rushie was admitted to a rehabilitation facility called Geisinger Marworth for dependency treatment for alcoholism.  *See id*. ¶¶23-25, Ex. A.

On or about May 5, 2020, the Philadelphia Police Department responded to Plaintiffs' residence following a call to 911 concerning Rushie's welfare.  The police forcibly removed Rushie from the residence and transported him to the Episcopal Hospital for a mental evaluation pursuant to the Pennsylvania Mental Health Procedures Act of 1976 (commonly referred to as a 302 Evaluation).  In the process, "about $50,000 in firearms and ammunition" were confiscated

by the police from Rushie's residence.  *Id.* ¶35.  (Rushie refers to this incident as "the Swatting" under 18 U.S.C. §1038.  *See id.*, Section IV.B).[2]

As is evident from Rushie's filings in this Action, his involuntary 302 Evaluation and confiscation of his guns and ammunition resulted in a significant deterioration in the relationship between Rushie and his family members.  It also substantially increased Rushie's unhinged behavior towards the Moving Defendants.[3]

Plaintiffs commenced this litigation only two weeks ago, yet Plaintiffs (Rushie, really) have used this Court to file multiple documents (three complaints and six motions) to improperly and wrongfully disparage, harass and annoy the Moving Defendants.  In addition, many of Plaintiffs' filings are incoherent and without legal merit.  Indeed, many of Plaintiffs' filing do not even attempt to provide affirmative authority for the relief sought.

As is evident from Plaintiffs' last amended complaint, on June 18, 2020, Jenna obtained a Temporary Restraining Order ("PFA Order") against Rushie in the Superior Court of California.  *See* Doc. No. 14, Ex. C.  Jenna states in the application for the PFA Order that Rushie recently called the police to her house and that Rushie has sent threatening and harassing text messages to

---

[2]  Moving Defendants will show that assuming, *arguendo*, 18 U.S.C. §1038 provides a private cause of action, which Moving Defendants dispute, nothing alleged in any of Plaintiffs' complaints give rise to a claim under that statute.

[3]  Rushie has called the police to the residences of Mrs. Black and Elizabeth on multiple occasions over the past few months.  Rushie was dispatching the police to Mrs. Black's residence in part to force the turnover of the trust money to him.  Rushie has also sent pictures of guns he obtained after the Philadelphia Police Department confiscated the guns he had in his home on May 5, 2020.  One picture includes a revolver atop a bible with a hollow point bullet along the side of the bible.  *See* Exhibit A.  Even more distressing, Rushie attached as an exhibit to his motion to disqualify Fox Rothschild as counsel for the Moving Defendants an email Rushie sent to Mrs. Black on February 11, 2020 that included a picture of Rushie pointing a rifle toward the reader.  *See* Exhibit B hereto and Motion to Disqualify, Doc. No. 12 at Ex. A, Page 6 of 12.

her.  Jenna notes that despite the seizure of guns and ammunition from Rushie by the Philadelphia Police Department, Rushie texted her pictures of two rifles, and a revolver atop a bible with a hollow point bullet alongside both.[4]  *See id*.  The messages Rushie sent to Jenna following the filing of this Action include "Cry to judge mitch Goldberg [*sic*]."  *See* Exhibit A hereto.  The hearing on the PFA Order is scheduled for July 9, 2020.  *See* Doc. No. 14, Ex. C.

Each of Rushie's filings in this Action are defective for procedural and/or substantive reasons.  Plaintiffs' last filed complaint (the second amended complaint, Doc. No. 14) is more poorly plead than the defective original complaint (Doc. No. 1) and is equally subject to dismissal as filed.

### C.   All Filings in this Action To Date (Two Weeks)

June 11, 2020 - Plaintiffs commenced the Action by way of the filing of a Complaint.  (Doc. No. 1)  In addition to the Moving Defendants, Plaintiffs sued The City of Philadelphia and John Does 1-20 seeking the return of the guns and ammunition seized when Rushie was involuntarily taken for a 302 Evaluation on or about May 5, 2020.

The same day, Plaintiffs also filed a 2-page motion to disqualify B&G and Mrs. Black as counsel.  (Doc. No. 2).

June 12, 2020 – Plaintiffs filed a 2- page motion to tax costs without an explanation why they are entitled to any such relief.  (Doc. No. 3).

June 16, 2020 – This Court entered an order denying the motions to disqualify (Doc. No. 2) and tax costs (Doc. No. 3) without prejudice until "proper service of the Complaint" and the entry of appearance by defense counsel (the "First Court Order").  (Doc. No. 4).

---

[4]  The pictures of the revolver and rifles Rushie sent to Jenna attached by Rushie to his last amended complaint are illegible.  More clear pictures are attached hereto at Exhibit A.

The same day, following the entry of the First Court Order, Plaintiffs filed a "revised motion" to disqualify B&G and Mrs. Black.  (Doc. No. 5).

June 16, 2020 – Plaintiffs filed a 2-page Motion for Sanctions.  (Doc. No. 6).

The same day, Plaintiffs filed an Affidavit of Service of Joseph Serrano.  (Doc. No. 7). The "affidavit" lacks the requisite language about the averments being made subject to perjury or under oath.

June 17, 2020 – Plaintiffs filed a Supplemental Affidavit of Service of Joseph Serrano (Doc. No. 8).  The supplemental affidavit included a representation that "Rushie would have sent these documents electronically or over ECF, but Black advised all defendants to block his email." As with the prior Serrano "affidavit" the requisite language about the averments being made subject to perjury or under oath are missing.

The same day, this Court entered an order denying the renewed motion to disqualify (Doc. No 5) and motion for sanctions (Doc. No. 6) adding that "Plaintiffs may not refile these motions or any other motions until Defendants have entered an appearance on the docket or until the expiration of the time in which Defendants have to file a responsive pleading, whichever comes first."  (Doc. No. 9).

June 26, 2020 – The undersigned filed an entry of appearance on behalf of each of the Moving Defendants.

Immediately after entry of appearance was filed, the undersigned spoke with Rushie and Young by telephone.  The undersigned pointed out to Rushie that the Complaint omitted a section setting forth the causes of action/claims and suggested that he amend the complaint to add the causes of action/claims to avoid the filing of a motion for a more definite statement under Fed. R. Civ. P. 12(e).  Rushie agreed to do so.

The same day, following the entry of appearance by the undersigned on behalf of each of the Moving Defendants, Plaintiffs refiled his motion to disqualify B&G and Mrs. Black (even though neither B&G nor Mrs. Black sought to represent themselves or any other party in the Action).  (Doc. No. 11).

The same day, Plaintiffs also filed a motion seeking the disqualification of the undersigned's law firm from representing Jenna, AJ and Elizabeth.  (Doc. No. 12).  There is only one sentence in the motion that touches upon the so-called basis for the motion, but no reasoning for the relief sought is provided.

June 28, 2020 – Plaintiffs filed a 4-page amended complaint (entitled "Amended Complaint Jurisdiction").  (Doc. No. 13).  Plaintiff listed four causes of action against the Moving Defendants without setting forth the elements of the claims.

Later that same day, Plaintiffs filed a second 4-page amended complaint to add a fifth cause of action, against The City of Philadelphia.  (Doc. No. 14).  Rushie still did not set forth the elements of the claims.

The number of irrational and scandalous allegations in Plaintiffs' filing are clear from a glance of the scant filings Plaintiff have made in this Action.  Rushie is simply using this Court to make public abusive allegations to harm the Moving Defendants.  This Court should not condone the weaponizing of a civil action to exact punishment, especially when it is wholly unwarranted as it is here.  There seem to be legitimate concerns about irrational behavior on the part of Rushie and even concerns about physical safety.  The Moving Defendant respectfully request this Court curb Rushie's misconduct by implementing a process whereby Plaintiffs simply serve (not file) upon the Court any future complaint or motion they intend to file and allow a quick and short response

by the Moving Defendants before any such filing can be made public.  The Moving Defendants do not (yet) seek an injunction precluding future filing by Plaintiffs.

## III.   A TEMPORARY RESTRAINING ORDER SHOULD ISSUE AGAINST PLAINTIFFS

### A.   <u>Legal Standard</u>

A district court properly grants a preliminary injunction where the movant establishes: (1) a likelihood of success on the merits; (2) it will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the non-moving party; and (4) the public interest favors such relief.  *Am. Freedom Def. Initiative v. Se. Pennsylvania Transp. Auth*., 92 F. Supp. 3d 314, 321–22 (E.D. Pa. 2015); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010).  The factors for granting an application for a temporary restraining order are the same as those for granting a preliminary injunction.  *Pileggi v. Aichele*, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012).  Because the Moving Defendants satisfy each of the four factors above, the Court should grant their motion for a temporary restraining order and preliminary injunction.

### B.   <u>Moving Defendants Are Likely to Succeed on the Merits On Their Motions</u>

The Moving Defendants have filed a Motion for an Injunction Pursuant to the All Writs Act, 28 U.S.C. § 1651, and plan to file motion under Fed. R. Civ. P. 12(b)(6), 12(e) and 12(f) for which a pre-Rule 12 conference letter has been sent to the Court concurrent with the filing of this motion.

#### 1.   Motion For An Injunction Pursuant to the All Writs Act

Pursuant to the All Writs Act, 28 U.S.C. § 1651, a district court may enjoin litigants from engaging in "abusive, groundless and vexatious conduct in filing meritless and repetitive actions." *Mina v. Montgomery Cty.*, No. CV 18-5556, 2019 WL 2060111, at *18 (E.D. Pa. May 8, 2019) (granting defendant's motion for a pre-filing injunction to prevent litigant from filing any new

baseless lawsuits related to the ten prior actions he filed regarding the same matter). *See also Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (order granted to prevent litigant from filing any additional documents in the matter after litigant filed more than a dozen pleadings since the case was closed and thus established a pattern of groundless and vexatious litigation). *Holman v. Hooten,* CIV.A. 11-78, 2015 WL 3798473, at *7 (E.D. Pa. June 17, 2015) (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir.1993)).  If an injunction is appropriate, it must be narrowly tailored to fit the specific circumstances of the case. *Mina,* 2019 WL 2060111, at *18.  *Crooker v. U.S.*, 2009 WL 6366792, at *7 (W.D. Pa. Nov. 20, 2009) (quoting *Brow*, 994 F.2d at 1039).

    This Court has a duty to safeguard ongoing and future proceedings from frivolous motions that consume the Court's time and resources.  The All Writ Act gives Federal Courts the '"power to enjoin litigants who are abusing the court system by harassing their opponent," as Plaintiffs are in the case at bar.  *Maid of The Mist Corp. v. Alcatraz Media, LLC*, 388 Fed. Appx. 940, 942 (11th Cir. 2010)(unpublished) (citing *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)).

    The Moving Defendants are not requesting that Plaintiffs be prevented from filing additional motions in this case completely; rather, Moving Defendants request that Plaintiffs are limited to receiving permission from the Court prior to filing a motion in this case.  Moving Defendants request this injunction because Plaintiffs continue to file repetitive motions that state irrelevant facts for the primary purpose of abusing, harassing and embarrassing the Moving Defendants.  For example, Plaintiffs filed a motion to disqualify Fox Rothschild from representing the Moving Defendants with facts and exhibits from the Complaint that have nothing to do with any supposed "conflict."  Plaintiffs failed to state a single reason that gives rise to a conflict that disqualifies Fox Rothschild from representing the Moving Defendants; instead, the Plaintiff listed

egregious accusations against the Moving Defendants and individuals not even named as defendants.

Plaintiffs' conduct is a burden on the Moving Defendants and the judicial system.  As an experienced attorney, Rushie should be well aware of his obligation to file motions in good faith; however, his conduct shows otherwise and for that, Plaintiffs should be enjoined from filing any further motions with the Court without prior approval.

Here, the injunction of preventing Plaintiffs from continuing to file pleadings without first seeking permission from the Court is narrowly tailored to the issue of Plaintiffs' malicious and repetitive conduct.  Plaintiffs continue to file malicious and meritless claims that are not supported in law or fact.  The All Writ Act vest Courts with the ability to enjoin litigants, such as Plaintiffs, from taking advantage of judicial recourse by continually filing baseless pleadings.

All together Plaintiff has filed as many as seven pleadings before an entry of appearance was entered on behalf of the Moving Defendants.  Plaintiff's filings are excessive and an act of unfair litigious behavior.  Despite this Court's direct and clear orders, Plaintiff continued filing various documents, almost all of which require a response from Moving Defendants, but also lack any substantive briefing to which Moving Defendants can respond. This Court likely has recognized that Plaintiff will continue to file baseless and frivolous pleadings if he is not enjoined from doing so.  This Court has the authority to restrain Plaintiff from any further filings as long as such an order is narrowly tailored.  In fact, the Moving Defendants are seeking a process not unlike this Court's current requirements under 12(b) Procedural Order of Judge Mitchell S. Goldberg, whereby prior to bringing a motion pursuant to 12(b), the party must submit a letter to the Court for consideration and approval before a motions may be filed.  Here, Moving Defendants similarly request the Court to limit Plaintiff's motions practice and any additional amendments to the

complaint so that Moving Defendants may fairly attempt to respond to what has already been filed and so that this action is litigated in an efficient manner.

### 2.      Motion to Dismiss

It is likely that Moving Defendants will be successful in their motion under Federal Rules of Civil Procedure Rule 12(b)(6) to dismiss Plaintiffs' Complaint for failure to state a claim. Among other claims, Plaintiffs seem to have asserted a claim in their original complaint for "swatting" under 28 U.S.C. § 1038.  However, Plaintiffs cannot state a viable claim under 18 U.S.C. § 1038.  Section 1038(b) was designed to allow civil damages for expenses related to police and emergency response to the criminal activity of 1038(a), which was "designed to deal with criminal or terrorist hoaxes." *Ally v. Fanus*, 1:19-CV-0357, 2019 WL 7875165, at *7 (M.D. Pa. Dec. 16, 2019), *report and recommendation adopted*, 1:19-CV-357, 2020 WL 583813 (M.D. Pa. Feb. 6, 2020).

A few District Courts have found that 1038(b) does not create an independent cause of action that can be brought by private citizens—"the provision acts only as an additional layer of enforcement against those who violate 18 U.S.C. § 1038(a)(1), and is not intended to represent a stand alone cause of action."   *Watts v. Watts*, 2:19-CV-02010, 2019 WL 1246230, at *2 (W.D. Ark. Mar. 18, 2019) (citing *Cope v. Hancock*, Case No. 5:18-cv-552-LCB, 2019 WL 414874 at n.1 (N.D. Ala. Feb. 1, 2019)).

The Philadelphia Police were called on May 5, 2020 out of a concern for Rushie's mental health, safety and welfare.   When the Police arrived on scene, they found Rushie with a gun, validating the concerning phone call from his family members.  Thus, Plaintiffs are unable to meet the threshold for pleading a viable claim under § 1038(b).  Plaintiffs also mentioned § 1038(c) in their original complaint, which is not a cause of action, but rather deals with "reimbursement." *See* 18 USCA § 1038(c).

Even if this Court were to find that § 1038(b) allows for an independent cause of action that can be brought by private citizens, Plaintiffs have failed to plead sufficient facts to overcome a motion under Rule 12(b)(6).  In order to find liability under § 1038(b), there must be a violation of a one of the enumerated Chapters listed within the section:

> "[T]o seek damages in civil action, the conduct must constitute a violation of Chapter 2, 10, 11 B, 39, 40, 44, 111, or 113B of this title, which are, respectively, 18 U.S.C.A. § 31, et seq. (Aircraft and motor vehicles, Chapter 2), 18 U.S.C.A. § 175, et seq.(Biological weapons, Chapter 10), 18 U.S.C.A. § 229, et seq. (Chemical weapons, chapter 11 B), 18 U.S.C.A. § 831, et seq. (Explosives and combustibles, Chapter 39), 18 U.S.C.A. § 841, et seq. (Importation, manufacture, distribution and storage of explosive materials, Chapter 40), 18 U.S.C.A. § 921, et seq. (Firearms, Chapter 44), 18 U.S.C.A. § 2271, et seq. (Shipping, Chapter 111), or 18 U.S.C.A. § 2331, et seq. (Terrorism, Chapter 113B)."

*Ally*, 2019 WL 7875165, at *7 (quoting *Wilkins v. Deutsche Bank Nat'l Trust Co.,* No. 4:12-CV-145-RH/CAS, 2012 WL 1890456 at *2 (N.D. Fla. Apr. 30, 2012) report and recommendation adopted by 2012 WL 1886441 (N.D. Fla. May 21, 2012).  Plaintiffs have failed to show facts that violate any of the Chapters mentioned in § 1038(b).  It is likely that Moving Defendants will be successful in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on any claim associated with the alleged "swatting."

### 3.   Motion for a More Definite Statement

Fed. R. Civ. P. 12(e) allows a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  A motion for a more definite statement is appropriate when pleadings are not sufficiently intelligible that the court could make out one or more potentially viable legal theories on which the claimant might proceed.  *Bibbs v. Strohmeyer*, No. CV 04-349, 2005 WL 8174357, at *2 (W.D. Pa. July 1, 2005), r*eport and recommendation adopted,* No. CV 05-41, 2005 WL 8174360 (W.D. Pa. July 26, 2005).  Pursuant to Rule 8, the Plaintiff must state the cause of action with sufficient particularity so that the responding party may frame a responsive pleading. Fed. R.

Civ. P. 8. Plaintiff also has an obligation to identify the parties, the basis for jurisdiction of the court, the causes of action and the parties against whom those causes of action are asserted. *Id.* Under this notice pleading the complaint must set forth sufficient information to suggest that there is some cognizable legal theory upon which relief could be granted. *Bibbs v. Strohmeyer*, No. CV 04-349, 2005 WL 8174357, at *2. Allegations that are merely conclusory or intelligible and in need of greater specificity a motion for a more definite statement will be granted. *Rutt v. City of Reading, PA,* No. CIV.A. 13-4559, 2014 WL 988570, at *3 (E.D. Pa. Mar. 13, 2014) (motion for more definite statement granted because the complaint was vague and did not follow a logical order thus the court could not infer what plaintiff was requesting); *Bibbs v. Strohmeyer*, No. CV 04-349, 2005 WL 8174357, at *2 ("the basis for granted a 12(e) motion is unintelligibility not lack of detail").

The Moving Defendants are likely to succeed in moving for a more definite statement. Plaintiff filed an initial complaint followed by two amended complaints. In the initial complaint, Plaintiff fails to identify any causes of action against Defendants B&G, Mrs. Black, Jenna, Elizabeth or AJ.  Plaintiffs fail to identify what claims he is asserting and against whom they are asserted. Plaintiffs also make vague and incomprehensible allegations that the Moving Defendants cannot discern in order to fairly respond.  Further, Plaintiffs have amended his complaint twice, although the amended complaints supplant the originals and the last filed complaint lists causes of action generally, the complaint still does not specify what facts support which claims and how the elements of each claim are met.  Thus, Plaintiffs' complaint does not meet the minimum requirements set forth under the rules of civil procedure.

### 4.      Motion to Strike

A motion to strike under Fed. R. Civ. P. 12(f) is the proper method to eliminate matters in pleadings which are found to be redundant, immaterial, impertinent or scandalous. Fed. R. Civ. P.

12.  "Immaterial matter is that which has no essential or important relationship to the claim for relief . . . scandalous matter has been identified as that which improperly casts a derogatory light on someone, most typically on a party to the action." *Lawson v. City of Coatesville*, No. CIV.A. 12-6100, 2013 WL 4596129, at *6 (E.D. Pa. Aug. 29, 2013) (striking paragraphs of a complaint that recount an alleged police sex scandal were not relevant to the plaintiff's claims of an unlawful arrest.)  Motions to strike are decided on the pleadings alone.  *Id.*

The Moving Defendants would likely succeed on a motion to strike because many of the assertions in Plaintiffs' amended complaints are scandalous and harassing.  The claims not only have no relevance to the complaint Plaintiffs originally filed, but are also derogatory in nature against the various Defendants.  The entirety of the original and amended complaints are vexatious and illustrate a vengeful tone. Pennsylvania courts have held that such complaints can be stricken in their entirety for "falling squarely within the definition of "immaterial, impertinent and scandalous". *See Carone v. Whalen*, 121 F.R.D. 231, 233 (M.D. Pa. 1988) (dismissing plaintiff's entire complaint for its vexatious tone and for directly attacking the defendants' character).

If the Court were to deny the Moving Defendants' motion to strike the complaints in their entirety, at the minimum it is likely that the Moving Defendants would likely succeed in having portions of the complaint stricken.  Specifically, the Moving Defendants would seek to have paragraphs 11, 14, 16, 17, 18, 28 and 29 of Plaintiff's First Amended Complaint and Second Amended Complaint at docket entries 13 and 14 stricken.  These paragraphs include assertions that certain of the Defendants are "drug users," "users of narcotics," and "alcoholics" and have no bearing on any cause of action Plaintiffs wish to assert.  Moreover, the statements are conclusory statements that are asserted for no other reason than to offend or denigrate the Moving Defendants.

Thus, the Moving Defendants would seek to strike the scandalous and impertinent paragraphs of Plaintiffs' complaint and would likely succeed in doing so.

**C.**    <u>**Defendants Will Suffer Irreparable Harm in the Absence of Injunctive Relief**</u>

To prove irreparable harm the party must demonstrate potential harm which cannot be redressed by a legal or equitable remedy following trial. *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). If an injunction is not issued pursuant to the All Writs Act, Plaintiff's repeated filings will consume an enormous expenditure of time and costs and will force Defendants to defend against frivolous and bizarre accusations at a substantial expense. Additionally, the Court must devote a substantial amount of time and effort to sort through Plaintiff's incomprehensible and confusing pleadings taking time and consideration away from any meritorious claims in this action.

Further, the Moving Defendants would suffer irreparable harm in having to respond to and defend against continuous intelligible pleadings if Plaintiff is permitted to continue filing documents in the manner he has thus far. The Moving Defendants seek this injunction to avoid irreparable harm to their defense of this action, to allow Moving Defendants to properly litigate this action and to stop Plaintiffs from using this Court as a weapon to abuse the Moving Defendants or any other third party in this Action.

**D.**    <u>**Greater Injury Will Result From the Denial of Injunctive Relief Than From the Grant of Injunctive Relief**</u>

Greater injury will be inflicted by the denial of injunctive relief than by granting it. Denying injunctive relief will result in the Moving Defendants not being given a fair opportunity to analyze through Plaintiffs' numerous pleadings, and will cause more harm if Plaintiff is permitted to continue with filings. Further, granting injunctive relief will restore the status quo

until Moving Defendants have an opportunity to address what has already been put forth in this action and allow Moving Defendants and this Court to also fully vet through the current pleadings.

### E.    The Public Interest Favors Granting Injunctive Relief

It is in the interest of the courts to allow the parties to an action to have a fair process and not to allow one party to be inundated with continuous motions from the opposing party. Moving Defendants are only seeking a narrow order limiting Plaintiffs' filings at this juncture so that the Moving Defendants can address the pleadings that have currently been filed.

## IV.    CONCLUSION

Based on the foregoing, the Moving Defendants respectfully request that this Court grant their Motion for a TRO/Preliminary Injunction, schedule a pre-Rule 12 motion conference for the Moving Defendants motion to dismiss, strike and/or for a more definite statement and approve a briefing schedule for the Moving Defendants' motion pursuant to the All Writs Act prior to the hearing on the Moving Defendants' right to preliminary relief.

Dated: Philadelphia, Pennsylvania
       June 30, 2020

                              **FOX ROTHSCHILD, LLP**


                              By:    */s/ Sidney S. Liebesman*
                                    Sidney S. Liebesman (PA ID# 75945)
                                    sliebesman@foxrothschild.com
                                    2000 Market Street, 20th Floor
                                    Philadelphia, PA 19103
                                    Telephone: (215) 299-2000
                                    Facsimile: (215) 299-2150

                                    *Attorneys for Defendants*
                                    *Black & Gerngross, P.C., Claudia P. Black,*
                                    *Jenna Elise Rushie, Elizabeth Santry and AJ*
                                    *Delforge*