**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

Alfred Jordan Rushie and Megan M.          :
Young,                                     :
                                           :
        *Plaintiffs*                       :
                                           : 20-cv-02773-MSG
                                           :
                                           :
Black and Gerngross, P.C., Claudia P.:
Black, Jenna Elise Rushie, Elizabeth       :
Santry, AJ Delforge, The City of           :
Philadelphia and John and Jane             :
Does 1-20                                  :
                                           :
        *Defendants*                       :
_____

<u>**AMENDED COMPLAINTJURISDICTION**</u>

**1. JURISDICTIION:**

    1. Jurisdiction is proper under 18 U.S.C. § 2292.

    2. Jurisdiction is proper under 18 U.S. Code § 1001.

    3. Jurisdiction is proper under 47 U.S.C. 227(e)(5).

    4. Jurisdiction is proper under 18 U.S.C. § 875(c).

    5. Jurisdiction is proper under 18 U.S.C. § 2261A.

    6. Jurisdiction is proper under 18 U.S.C. § 875.

    7. Jurisdiction is proper under 28 U.S.C. § 1367.

    8. Jurisdiction is proper under 18. U.S.C. § 1030.

    9. Jurisdiction is proper under 18 U.S. Code § 2707.

**2. FACTS REGARDING THE SWATTING:**

    10. I am an attorney licensed to practice law in Pennsylvania and New Jersey with no disciplinary history.

    11. James J. Black, is one of the owners of the law firm, Black and Gerngross, P.C.

12. I have retained Black and Gerngross, P.C., to handle a variety of my legal matters.

13. James J. Black is an open and notorious alcoholic. He drinks whiskey every day and night. Specifically, V.O.

14. Claudia Black is the wife of James J. Black.

15. Claudia Black works for Black and Gerngross, P.C.

16. Claudia Black is also an open and notorious alcoholic and drug user.

17. Elizabeth Santry is also a user of narcotics and alcohol.

18. Jenna Elise Delforge (nee Rushie) is my sister.

19. Jenna Rushie is an admitted drug user and alcoholic, addicted to "magic" mushrooms, cocaine, LSD, marijuana, and other drugs. She also has severe mental health issues for which is is medicated on.

20. For whatever reason, Claudia Black, in violation of the Rules of Professional Conduct, passed along my health, financial, and private legal information to Jenna Rushie. She had no right to do this.

21. Jenna Rushie, along with her husband AJ Delforge, then disseminated this information on social media.

22. The defendants are currently under investigation by the FBI for the conduct described below.

23. Specifically, on or about May 5, 2020, about fourteen police officers showed up at my house with guns drawn around 10:30pm while I was watching Food Network.

24. Apparently Claudia Black, Jenna Rushie, A.J. Delforge, Elizabeth Santry, and others had called the police and falsely told

them I was "homicidal" and "suicidal." These are common false SWATTING allegations. See, e.g., **https://en.wikipedia.org/wiki/Swatting**

25. Nothing could be further from the truth. I am neither suicidal or homicidal.

26. Nevertheless, as a result of these false allegations, I was arrested at gunpoint by the police and taken out of my home in handcuffs.

27. Guns were also pulled on my fiancé.

28. The police committed me to Episcopal Hospital, where I was almost immediately released from after a drug test and evaluations from several medical professionals. In sum and substance, they were not sure why I was committed.

29. Despite this, Jenna Rushie then went to post false statements on social media about the encounter, and circulated them to my pastors, my fiancé's parents, my clients, my friends, and even my former roommate. (Exhibit A).

30. I asked Claudia Black if she had anything to do with the SWATTING, and she refused to respond. (Exhibit B).

31. Jenna Rushie proceeded to try this tactic again in June, but the attempts failed, as the police know that she has mental health and drug issues. The police showed up to my house, but promptly left.

32. Jenna Rushie recently just filed a Protection from Abuse Act against me in California, although admitting that I never threatened anyone. (Exhibit C)[1].

_____

[1] I have never even been to Santa Cruz. I also let my permit to carry expire.

33. Jenna Rushie claims to be "terrified" that I am going to use a firearm on her and her husband.

34. Her claims are laughable and simply more evidence of Jenna Rushie and the Pentony's attempts to SWAT me. I have never been to Santa Cruz, nor have I ever taken a firearm on an airplane. I live 2500 miles away from Jenna Rushie.

**THE TRUST FUND AND VIOLATIONS OF THE RULES OF PROFESSIONAL CONDUCT BY CLAUDIA BLACK**

35. For whatever reason, Claudia Black disclosed my personal, legal, financial, and health information to Jenna Rushie.

36. Claudia Black had no right to do this.

37. Jenna Rushie then took the information Claudia Black provided her with and put it on social media, emailed my fiancé's parents, my colleagues, my pastors, my clients, and even my former roommate.

38. Further, Claudia Black, via Black and Gerngross, P.C., administers my inheritance account.

39. Inexplicably, Claudia Black refuses to provide me with an accounting of the account.

40. Claudia Black was also given limited access to my bank accounts while at Marworth in order to pay my basic expenses such as electric, mortgage, water, etc. However, she had my debit cards shut down, because she did not want to "fund my alcoholic lifestyle." Black also continues to monitor my bank accounts without authorization. She had absolutely no right to do any of this, as it far exceeds her authorization.

**CAUSES OF ACTION**

**1. ABUSE OF PROCESS AND FILING FALSE POLICE REPORTS: V. JENNA E. RUSHIE, CLAUDIA BLACK, A.J. DELFORGE AND ELIZABETH SANTRY**

2. **VIOLATION OF FIDUCIARY DUTY: V. BLACK AND GERNGROSS AND CLAUDIA P. BLACK**
3. **MALPRACTICE: V. BLACK AND GERNGROSS, P.C. AND CLAUDIA P. BLACK**
4. **DEFAMATION: V. CLAUDIA P. BLACK, JENNA RUSHIE, A.J. DELFORGE, AND ELIZABETH SANTRY**
5. **REPLEVIN: V. THE CITY OF PHILADELPHIA**
6. **Computer Fraud and Abuse Act v. Claudia Black and Black and Gerngross**
7. **Stored Communications Act v. Claudia and Black and Gerngross**
8. **Overpublication v. All Defendants**

**Relief Requested**

- A trial by jury
- Return of my firearms by the City of Philadelphia
- A referral of Claudia Black to the Pennsylvania Disciplinary Board, and my trust account turned over to a third party
- Actual damages, compensatory damages, punitive damages, and any other damages awardable in excess of $75,000.00 dollars.
- All pre and post judgment interest.
- Any and all court costs and fees incurred in this litigation.,
- Any and all relief the court deems necessary, just, and proper.

Respectfully Submitted,

**Rushie Law PLLC**

Date: July 6, 2020

A. Jordan Rushie
JRushie@RushieLaw.com
Pa. Id. 209066
2333 E Boston Street
Philadelphia, PA 19125
P. 215-268-3978
F. 215-525-0909

### Verification

I, Alfred Jordan Rushie, state that I have personal knowledge of the facts in the above Complaint and I verify them as true, subject to the penalties of 18 Pa. C.S. § 4904, Unsworn Falsification to Authorities.

_____/S/_____

**Alfred Jordan Rushie**

# Exhibit A



Jenna Elise

MAY 06, 4:44 PM

I am Jordan Rushie's sister. He was arrested last night and taken on a 302 hold briefly

The reason they made the choice to bring him in is bc he told the cops to shoot him and wouldn't drop his gun

He wanted suicide by cop

If you reply, Jenna will be able to call you and see information like your Active Status and when you've read messages.

**I don't want to hear from Jenna**



**T-Mobile Wi-Fi** 2:33 PM 95%

← **Jenna Elise**

He wanted suicide by cop

Please stay as FAR AWAY from him, and Megan for your safety. With this kind of news, I'm now HIGHLY concerned

The police have low key let Liberti know to not even let Jordan come by

He should be considered armed and dangerous

I don't mean to freak you out, but if you know ANYONE who may try and approach Jordan, please warn them

It's that serious, the police are actually AT EPISCOPAL to find out HOW he was able to leave, like no joke, he may have ran out

If you reply, Jenna will be able to call you and see information like your Active Status and when you've read messages.

**I don't want to hear from Jenna**

Aa



T-Mobile Wi-Fi  2:33 PM  95%

**Jenna Elise**

know to not even let Jordan come by

He should be considered armed and dangerous

I don't mean to freak you out, but if you know ANYONE who may try and approach Jordan, please warn them

It's that serious, the police are actually AT EPISCOPAL to find out HOW he was able to leave, like no joke, he may have ran out

And I don't care if you're on Jordan's and Megan's "side" on this. I honestly give NO FUCKS

But I cannot let Jordan hurt anyone but himself if it comes to that

If you reply, Jenna will be able to call you and see information like your Active Status and when you've read messages.

**I don't want to hear from Jenna**

Aa

# Exhibit B

**From:** **A. Jordan Rushie** jrushie@rushielaw.com  📎 
**Subject:** Fwd: Rushie v. City of Philadelphia, et. al.
**Date:** June 8, 2020 at 5:33 AM
**To:** Claudia Pentony Black cpblack@blackgern.com,  jblack@blackgern.com,  Robert Maizel rob@saffwein.com

Dear Aunt Claudia:

What, if any, role did you have in this? If you tell me none, I will obviously believe you as a fellow officer of the court and drop the issue.

If I don't hear from you, I will assume you did play a role.

Please let me know.

Thank you.

Sincerely,

A. Jordan Rushie

Begin forwarded message:

> **From:** "A. Jordan Rushie" <jrushie@rushielaw.com>
> **Date:** June 8, 2020 at 5:26:37 AM EDT
> **To:** Craig.Straw@phila.gov
> **Cc:** Claudia Black <cpblack@comcast.net>, Robert Maizel <rob@saffwein.com>
> **Subject: Re:  Rushie v. City of Philadelphia, et. al.**





Sincerely,

A. Jordan Rushie

On Jun 8, 2020, at 5:17 AM, A. Jordan Rushie <jrushie@rushielaw.com> wrote:

Dear Craig:

I hope this email finds you well.

I was wrongfully arrested on May 5, 2020. My sister SWATTED me because I'm a Trump supporter and adamant gun owner. She repeatedly, and other members of my family, called the 26th District and lied to them, telling them I'm "homicidal and suicidal."

Nothing could be further from the truth.

Nevertheless, I was arrested and handcuffed at gunpoint by 14 armed police officers at 10:30pm from my home in Fishtown in front of my neighbors. While watching Food Network.

I've lived here since 2009 and have never been arrested in my entire life.

The police did not perform a wellness check prior to the arrest and beat me up pretty badly. They took all the guns from my house. Bear in mind I threatened no one, did not threaten harm to myself, and I've had an extensive gun collection since 2005 without incident. I passed a PICS check for every gun I owned.

Thereafter, I was taken to Episcopal Hospital, who discharged me almost immediately after an interview and passing a drug test.

After being releases, I spoke to Joe Serrano, former PPD Internal Affairs (ret.) and he said protocol was totally breached. He's willing to testify. I also spoke to the arresting officer, Sgt. Steffan, who has apologized to me. In addition, I spoke with East Detectives, who explained that what happened to me was an illegal SWATTING.

About $50k in guns and ammo was taken from me due to the lies of my family, and without an investigation.

The FBI has since assigned a Special Agent to the case to investigate my sister and anyone else involved.

I do not want to file suit against the City or 26th. I simply want an agreement to release my firearms. I have property receipts.

I am filing suit against my sister and all family members involved in EDPA. I will agree to avoid suit against the City for an agreement on my firearms. Sgt. Steffan has said he has no issue with this.

Does that work?

Sincerely,

A. Jordan Rushie

<image0.jpeg>

<image1.jpeg>

# Exhibit C

ELECTRONICALLY RECEIVED
6/17/2020 4:36 PM

## DV-109    Notice of Court Hearing

Clerk stamps date here when form is filed.

Electronically Filed
Superior Court of California
County of Santa Cruz

June 18, 2020
Alex Calvo, Clerk
By Deputy, Alcantar, Juana
*Juana Alcantar*

**① Name of Person Asking for Order:**

Jenna E Delforge

Your lawyer in this case *(if you have one)*:
Name: _____ State Bar No.: _____
Firm Name: _____
**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.)*
Address: 3367 Cunnison Lane _____
City: Soquel _____ State: CA ___ Zip: 95073 __
Telephone: _____ Fax: _____
E-Mail Address: janey.jawn@gmail.com

**② Name of Person to Be Restrained:**

Alfred Jordan Rushie

*The court will fill out the rest of this form.*

Fill in court name and street address:

Superior Court of California, County of
Santa Cruz

Watsonville Courthouse
1 Second Street
Watsonville, CA 95076

Court fills in case number when form is filed.

Case Number:
20FL00618

**③ Notice of Hearing**

A court hearing is scheduled on the request for restraining orders against the person in ②:

| | | Name and address of court if different from above: |
|---|---|---|
| **Hearing Date** → | **THURSDAY** Date: **JULY 9, 2020**  Time: **8:30 a.m.**  Dept.: **D**  Room: ___ | _____ |

**④ Temporary Restraining Orders (Any orders granted are attached on form DV-110.)**

a. Temporary Restraining Orders for personal conduct and stay-away orders as requested in form DV-100, *Request for Domestic Violence Restraining Order,* are *(check only one box below)*:
   (1) ☒ All **GRANTED** until the court hearing.
   (2) ☐ All **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*
   (3) ☐ Partly **GRANTED** and partly **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

b. Reasons for denial of some or all of those personal conduct and stay-away orders as requested in form DV-100, *Request for Domestic Violence Restraining Order,* are:
   (1) ☐ The facts as stated in form DV-100 do not show reasonable proof of a past act or acts of abuse. (Family Code, §§ 6320 and 6320.5.)
   (2) ☐ The facts do not describe in sufficient detail the most recent incidents of abuse, such as what happened, the dates, who did what to whom, or any injuries or history of abuse.
   (3) ☐ Further explanation of reason for denial, or reason not listed above:
   _____
   _____
   _____

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2019, Mandatory Form
Family Code § 242
Approved by DOJ

Generated by Guide and File

**Notice of Court Hearing**
**(Domestic Violence Prevention)**

DV-109, Page 1 of 3

→

Scanned with CamScanner

Case Number: _____

**(5) Confidential Information Regarding Minor**

    a. ☐ A *Request to Keep Minor's Information Confidential* (form DV-160) was made and **GRANTED** *(see form DV-165, Order on Request to Keep Minor's Information Confidential, served with this form.)*

    b. If the request was granted, the information described on the order (form DV-165, item **(8)** must be kept **CONFIDENTIAL.** The disclosure or misuse of the information is punishable as contempt of court, with a fine of up to $1,000 or possible sanctions.

**(6) Service of Documents by the Person in (1)**

    At least ☒ **five** ☐ _____ days before the hearing, someone age 18 or older—**not you or anyone to be protected**—must personally give (serve) a court file-stamped copy of this form (DV-109, *Notice of Court Hearing*) to the person in **(2)** along with a copy of all the forms indicated below:

    a. DV-100, *Request for Domestic Violence Restraining Order* (file-stamped)

    b. ☒ DV-110, *Temporary Restraining Order* (file-stamped) **IF GRANTED**

    c. DV-120, *Response to Request for Domestic Violence Restraining Order* (blank form)

    d. DV-120-INFO, *How Can I Respond to a Request for Domestic Violence Restraining Order?*

    e. DV-250, *Proof of Service by Mail* (blank form)

    f. ☐ DV-170, *Notice of Order Protecting Information of a Minor*, and DV-165, *Order on Request to Keep Minor's Information Confidential* (file-stamped), **IF GRANTED** Signed: 6/18/2020 10:19 AM

    g. ☐ Other *(specify):* _____

Date:     June 18, 2020      _*Paul M. Marigonda*_

                               *Judicial Officer* **Judge Paul M. Marigonda**

---

### Right to Cancel Hearing: Information for the Person in ❶

- If item **(4)(a)(2)** or **(4)(a)(3)** is checked, the judge has denied some or all of the temporary orders you requested until the court hearing. The judge may make the orders you want after the court hearing. You can keep the hearing date, or you can cancel your request for orders so there is no court hearing.

- If you want to cancel the hearing, use form DV-112, *Waiver of Hearing on Denied Request for Temporary Restraining Order*. Fill it out and file it with the court as soon as possible. You may file a new request for orders, on the same or different facts, at a later time.

- If you cancel the hearing, do not serve the documents listed in item **(6)** on the other person.

- If you want to keep the hearing date, you must have all of the documents listed in item **(6)** served on the other person within the time listed in item **(6)**.

- At the hearing, the judge will consider whether denial of any requested orders will jeopardize your safety and the safety of children for whom you are requesting custody or visitation.

- You must come to the hearing if you want the judge to make restraining orders or continue any orders already made. If you cancel the hearing or do not come to the hearing, any restraining orders made on form DV-110 will end on the date of the hearing.

Scanned with CamScanner 

Case Number: _____

### To the Person in ❶ :

- The court cannot make the restraining orders after the court hearing unless the person in ❷ has been personally given (served) a copy of your request and any temporary orders. To show that the person in ❷ has been served, the person who served the forms must fill out a proof of service form. form DV-200, *Proof of Personal Service*, may be used.

- For information about service, read form DV-200-INFO, *What Is "Proof of Personal Service"?*

- If you are unable to serve the person in ❷ in time, you may ask for more time to serve the documents. Read form DV-115-INFO, *How to Ask for a New Hearing Date*.

### To the Person in ❷ :

- If you want to respond in writing, mail a copy of your completed form DV-120, *Response to Request for Domestic Violence Restraining Order*, to the person in ❶ and file it with the court. You cannot mail form DV-120 yourself. Someone age 18 or older — not you — must do it.

- To show that the person in ❶ has been served by mail, the person who mailed the form must fill out a proof of service form. Form DV-250, *Proof of Service by Mail*, may be used. File the completed form with the court before the hearing and bring a copy with you to the hearing.

- For information about responding to a restraining order and filing your answer, read form DV-120-INFO, *How Can I Respond to a Request for Domestic Violence Restraining Order?*.

- Whether or not you respond in writing, go to the hearing if you want the judge to hear from you before making an order. You may tell the judge why you agree or disagree with the orders requested. You may bring witnesses and other evidence.

- At the hearing, the judge may make restraining orders against you that could last up to five years.

- The judge may also make other orders about your children, child support, spousal support, money, and property and may order you to turn in or sell any firearms that you own or possess.



**Request for Accommodations**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons with Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

*(Clerk will fill out this part.)*

—Clerk's Certificate—

I certify that this *Notice of Court Hearing* is a true and correct copy of the original on file in the court.

Date: **JUN 18 2020** _____ Alex Calvo
Clerk, by _*mana alcantar*_____, Deputy

---

Revised January 1, 2019

**Notice of Court Hearing**
**(Domestic Violence Prevention)**

DV-109, Page 3 of 3

Scanned with CamScanner

ELECTRONICALLY RECEIVED
6/17/2020 4:36 PM

**DV-110**    **Temporary Restraining Order**

Clerk stamps date here when form is filed.

Electronically Filed
Superior Court of California
County of Santa Cruz

June 18, 2020
Alex Calvo, Clerk
By Deputy, Alcantara Juana

*Person in* ① *must complete items* ①, ②, *and* ③ *only.*

① **Name of Protected Person:**
Jenna E Delforge

Your lawyer in this case *(if you have one):*
Name: _____ State Bar No.: _____
Firm Name: _____

Address *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: 3367 Cunnison Lane
City: Soquel    State: CA    Zip: 95073
Telephone: _____ Fax: _____
E-mail Address: janey.jawn@gmail.com

Fill in court name and street address:
Superior Court of California, County of Santa Cruz

Watsonville Courthouse
1 Second Street
Watsonville, CA 95076

Court fills in case number when form is filed.
Case Number:
**20FL00618**

② **Name of Restrained Person:**
Alfred Jordan Rushie

Description of restrained person:

| | |
|---|---|
| Sex: ☒ M ☐ F   Height: 5'4"   Weight: 145   Hair Color: Brown   Eye Color: Brown | |
| Race: White    Age: 38   Date of Birth: 11/9/1981 | |
| Address (if known): 2333 e Boston Street | |
| City: Philadelphia    State: PA    Zip: 19125 | |
| Relationship to protected person: | |

③ ☒ **Additional Protected Persons**
In addition to the person named in ①, the following persons are protected by temporary orders as indicated in items ⑥ and ⑦ *(family or household members):*

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| August Joseph Delforge | Husband | M | 29 |
| | | | |
| | | | |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-110, Additional Protected Persons" as a title.*

*The court will complete the rest of this form.*

④ **Court Hearing**
*This order expires at the end of the hearing stated below:*

| Hearing Date: **JULY 9, 2020 (THURSDAY)** Time: **8:30** ☒ a.m. ☐ p.m. |
|---|

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
Approved by DOJ

Generated by Guide and File

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

DV-110, Page 1 of 6 →

Scanned with CamScanner

Scanned with CamScanner

Case Number: _____

⑤ ☐ **Criminal Protective Order**
   a. ☐ A criminal protective order on form CR-160, *Criminal Protective Order—Domestic Violence*, is in effect.
       Case Number: _____ County: _____ Expiration Date: _____
   b. ☐ No information has been provided to the judge about a criminal protective order.

**To the person in ②**

The court has granted the temporary orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

⑥ **Personal Conduct Orders** ☐ Not requested ☐ Denied until the hearing ☒ Granted as follows:

   a. You must not do the following things to the person in ① and ☒ persons in ③:
      ☒ Harass, attack, strike, threaten, assault *(sexually or otherwise)*, hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise)*, or block movements
      ☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail, e-mail or other electronic means
      ☒ Take any action, directly or through others, to obtain the addresses or locations of the persons in ① *and* ③. *(If this item is not checked, the court has found good cause not to make this order.)*

   b. Peaceful written contact through a lawyer or process server or another person for service of *Form DV-120 (Response to Request for Domestic Violence Restraining Order)* or other legal papers related to a court case is allowed and does not violate this order.

   c. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

⑦ **Stay-Away Order** ☐ Not requested ☐ Denied until the hearing ☒ Granted as follows:
   a. You must stay at least *(specify):* 100 yards away from *(check all that apply):*
      ☒ The person in ①       ☐ School of person in ①
      ☒ Home of person in ①     ☒ The persons in ③
      ☒ The job or workplace of person in ①   ☐ The child(ren)'s school or child care
      ☒ Vehicle of person in ①      ☐ Other *(specify):* _____

   b. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

⑧ **Move-Out Order** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:
You must take only personal clothing and belongings needed until the hearing and move out immediately from *(address):* _____

**This is a Court Order.**

**Case Number:**

**⑨ No Guns or Other Firearms or Ammunition**

  a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

  b. You must:
- Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.
- Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, stored, or sold. (You may use Form DV-800, *Proof of Firearms Turned In, Sold, or Stored*, for the receipt.) Bring a court filed copy to the hearing.

  c. ☐ The court has received information that you own or possess a firearm.

**⑩ Record Unlawful Communications**

☐ Not requested  ☐ Denied until the hearing  ☒ Granted as follows:

The person in ① can record communications made by you that violate the judge's orders.

**⑪ Care of Animals**  ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

The person in ① is given the sole possession, care, and control of the animals listed below. The person in ② must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:

_____

_____

**⑫ Child Custody and Visitation** ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

Child custody and visitation are ordered on the attached form DV-140, *Child Custody and Visitation Order* or *(specify other form):* _____ . The parent with temporary custody of the child must not remove the child from California unless the court allows it after a noticed hearing (Fam. Code, § 3063).

**⑬ Child Support**

Not ordered now but may be ordered after a noticed hearing.

**⑭ Property Control** ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

Until the hearing, *only* the person in ① can use, control, and possess the following property:

_____

**⑮ Debt Payment** ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

The person in ② must make these payments until this order ends:

Pay to: _____  For: _____  Amount: $ _____  Due date: _____

Pay to: _____  For: _____  Amount: $ _____  Due date: _____

**⑯ Property Restraint** ☒ Not requested  ☐ Denied until the hearing  ☐ Granted as follows:

If the people in ① and ② are married to each other or are registered domestic partners, ☐ the person in ① ☐ the person in ② must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court. *(The person in ② cannot contact the person in ① if the court has made a "no contact" order.)*

Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised July 1, 2016

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

DV-110, Page 3 of 6
➡

Scanned with CamScanner

Case Number: _____

**(17) Spousal Support**

Not ordered now but may be ordered after a noticed hearing.

**(18) Rights to Mobile Device and Wireless Phone Account**

**a. Property control of mobile device and wireless phone account**

☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

Until the hearing, only the person in ① can use, control, and possess the following property:

Mobile device *(describe)* _____ and account *(phone number):* _____

Mobile device *(describe)* _____ and account *(phone number):* _____

Mobile device *(describe)* _____ and account *(phone number):* _____

☐ Check here if you need more space. Attach a sheet of paper and write "DV-110 Rights to Mobile Device and Wireless Phone Account" as a title.

**b. Debt Payment** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

The person in ② must make these payments until this order ends:

Pay to *(wireless service provider):* _____ Amount: $_____ Due date: _____

**c. Transfer of Wireless Phone Account**

Not ordered now but may be ordered after a noticed hearing.

**(19) Insurance**

☐ The person in ① ☐ the person in ② is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

**(20) Lawyer's Fees and Costs**

Not ordered now but may be ordered after a noticed hearing.

**(21) Payments for Costs and Services**

Not ordered now but may be ordered after a noticed hearing.

**(22) Batterer Intervention Program**

Not ordered now but may be ordered after a noticed hearing.

**(23) Other Orders** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

_____

_____

_____

_____

_____

_____

☐ Check here if there are additional orders. List them on an attached sheet of paper and write "DV-110, Other Orders" as a title.

**(24) No Fee to Serve (Notify) Restrained Person**

If the sheriff serves this order, he or she will do so for free.

Signed: 6/18/2020 10:22 AM

Date: __June 18, 2020__

*Judge (or Judicial Officer)*
**Judge Paul M. Marigonda**

**This is a Court Order.**

Revised July 1, 2016

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

DV-110, Page 4 of 6 →

Scanned with CamScanner

Case Number:

## If You Do Not Obey This Order, You Can Be Arrested And Charged With a Crime.

- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

## You Cannot Have Guns, Firearms, And/Or Ammunition.

 You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.

## Service of Order by Mail

If the judge makes a restraining order at the hearing, which has the same orders as in this form, you will get a copy of that order by mail at your last known address, which is written in ❷. If this address is incorrect, or to find out if the orders were made permanent, contact the court.

## Child Custody, Visitation, and Support

- **Child custody and visitation:** If you do not go to the hearing, the judge can make custody and visitation orders for your children without hearing from you.
- **Child support:** The judge can order child support based on the income of both parents. The judge can also have that support taken directly from a parent's paycheck. Child support can be a lot of money, and usually you have to pay until the child is age 18. File and serve a *Financial Statement (Simplified)* (form FL-155) or an *Income and Expense Declaration* (form FL-150) if you want the judge to have information about your finances. Otherwise, the court may make support orders without hearing from you.
- **Spousal support:** File and serve an *Income and Expense Declaration* (form FL-150) so the judge will have information about your finances. Otherwise, the court may make support orders without hearing from you.

This order is effective when made. It is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the order and then shall enforce it. Violations of this order are subject to criminal penalties.

## Arrest Required if Order is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

**This is a Court Order.**

Revised July 1, 2016

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

DV-110, Page 5 of 6

→

Scanned with CamScanner

## If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, §13710(b).)

## Conflicting Orders—Priorities for Enforcement

If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced according to the following priorities (see Pen. Code, § 136.2, and Fam. Code, §§ 6383(h), 6405(b)):

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001), and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## Child Custody and Visitation

- The custody and visitation orders are on form DV-140, items ③ and ④ They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.

- **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

---

### Certificate of Compliance With VAWA

This temporary protective order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA), upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

---

*(Clerk will fill out this part.)*

### —Clerk's Certificate—

Clerk's Certificate
[seal]

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: JUN 1 8 2020         Alex Calvo
                           Clerk, by _____ , Deputy

**This is a Court Order.**

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

DV-110, Page 6 of 6

Revised July 1, 2016

Scanned with CamScanner

**DV-100**

## Request for Domestic Violence Restraining Order

*You must also complete form CLETS-001, Confidential CLETS Information, and give it to the clerk when you file this Request.*

*Clerk stamps date here when form is filed.*

**ELECTRONICALLY FILED**
Superior Court of California
County of Santa Cruz
6/17/2020 4:36 PM
Alex Calvo, Clerk
By: Juana Alcantar, Deputy

**(1) Name of Person Asking for Protection:**
Jenna E Delforge                    Age: **37**

Your lawyer in this case *(if you have one):*
Name: _____ State Bar No.: _____
Firm Name: _____

**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: **3367 Cunnison Lane**
City: **Soquel**        State: **CA**    Zip: **95073**
Telephone: _____ Fax: _____
E-Mail Address: **janey.jawn@gmail.com**

*Fill in court name and street address:*
**Superior Court of California, County of Santa Cruz**

Watsonville Courthouse
1 Second Street
Watsonville, CA 95076

*Court fills in case number when form is filed.*
**Case Number:**
**20FL00618**

**(2) Name of Person You Want Protection From:**
Alfred Jordan Rushie

Description of person you want protection from:

| Sex: ☒ M ☐ F | Height: 5'4" | Weight: 145 | Hair Color: Brown | Eye Color: Brown |
|---|---|---|---|---|
| Race: White | | Age: 38 | Date of Birth: 11/9/1981 | |
| Address *(if known):* 2333 e Boston Street | | | | |
| City: Philadelphia | | State: PA | | Zip: 19125 |

**(3) Do you want an order to protect family or household members?** ☒ Yes ☐ No

*If yes, list them:*

| Full name | Sex | Age | Lives with you? | Relationship to you |
|---|---|---|---|---|
| August Joseph Delforge | M | 29 | ☒ Yes ☐ No | Husband |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Protected People" for a title.*

**(4) What is your relationship to the person in (2) ?** *(Check all that apply)*

a. ☐ We are now married or registered domestic partners.
b. ☐ We used to be married or registered domestic partners.
c. ☐ We live together.
d. ☐ We used to live together.
e. ☒ We are related by blood, marriage, or adoption *(specify relationship):* Brother
f. ☐ We are dating or used to date, or we are or used to be engaged to be married.
g. ☐ We are the parents together of a child or children under 18.

*If you do not have one of these relationships, the court may not be able to consider your request. Read form DV-500-INFO for help.*

Child's Name: _____ Date of Birth: _____
Child's Name: _____ Date of Birth: _____
Child's Name: _____ Date of Birth: _____

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Additional Children" for a title.*

h. ☐ We have signed a Voluntary Declaration of Paternity for our child or children. *(Attach a copy if you have one).*

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
Generated by Guide and File

**Request for Domestic Violence Restraining Order**
(Domestic Violence Prevention)

DV-100, Page 1 of 6    →

Scanned with CamScanner

Case Number:

## (5) Other Restraining Orders and Court Cases

a. Are there any restraining/protective orders currently in place OR that have expired in the last six months (emergency protective orders, criminal, juvenile, family)?

☒ No ☐ Yes *(date of order):* and *(expiration date):* *(Attach a copy if you have one).*

b. Have you or any other person named in ③ been involved in another court case with the person in ②?

☐ No ☒ Yes *If yes, check each kind of case and indicate where and when each was filed:*

| Kind of Case | County or Tribe Where Filed | Year Filed | Case Number *(if known)* |
|---|---|---|---|
| ☐ Divorce, Nullity, Legal Separation | | | |
| ☒ Civil Harassment | Philadelphia | 2020 | 20-2773 |
| ☐ Domestic Violence | | | |
| ☐ Criminal | | | |
| ☐ Juvenile, Dependency, Guardianship | | | |
| ☐ Child Support | | | |
| ☐ Parentage, Paternity | | | |
| ☐ Other *(specify):* | | | |

☐ Check here if you need more space. Attach a sheet of paper and write *"DV-100, Other Court Cases"* for a title.

## Check the orders you want.  ☑

### (6) ☒ Personal Conduct Orders

I ask the court to order the person in ② not to do the following things to me or anyone listed in ③:

a. ☒ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate (on the Internet, electronically or otherwise), or block movements

b. ☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail or e-mail or other electronic means

*The person in ② will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

### (7) ☒ Stay-Away Order

a. I ask the court to order the person in ② to stay at least __200__ yards away from *(check all that apply):*

☒ Me                              ☐ My school
☒ My home                         ☒ Each person listed in ③
☒ My job or workplace             ☐ The child(ren)'s school or child care
☒ My vehicle                      ☐ Other *(specify):* _____

b. If the person listed in ② is ordered to stay away from all the places listed above, will he or she still be able to get to his or her home, school, job, workplace, or vehicle?     ☒ Yes ☐ No *(If no, explain):*

### (8) ☐ Move-Out Order

*(If the person in ② lives with you and you want that person to stay away from your home, you must ask for this move-out order.)*

I ask the court to order the person in ② to move out from and not return to *(address):*

I have the right to live at the above address because (explain):

**This is not a Court Order.**

**Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**

DV-100, Page 2 of 6
→

Scanned with CamScanner

| Case Number: |
| --- |
|  |

**⑨ Guns or Other Firearms or Ammunition**

I believe the person in ② owns or possesses guns, firearms, or ammunition. ☒ Yes ☐ No ☐ I don't know
*If the judge approves the order, the person in ② will be ordered not to own, possess, purchase, or receive a firearm or ammunition. The person will be ordered to sell to, or store with, a licensed gun dealer, or turn in to law enforcement, any guns or firearms that he or she owns or possesses.*

**⑩ ☒ Record Unlawful Communications**

I ask for the right to record communications made to me by the person in ② that violate the judge's orders.

**⑪ ☒ Care of Animals**

I ask for the sole possession, care, and control of the animals listed below. I ask the court to order the person in ② to stay at least ___200___ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:
Dog, Yomp, white Shepard mix; Cat, Potato, orange long hair Scottish fold; Cat, Tom, orange short hair tabby

I ask for the animals to be with me because:
He hates animals, he wouldn't want them, but I am afraid he'd hurt them just to hurt me

**⑫ ☐ Child Custody and Visitation**

a. ☐ I do not have a child custody or visitation order and I want one.
b. ☐ I have a child custody or visitation order and I want it changed.
*If you ask for orders, you must fill out and attach form DV-105, Request for Child Custody and Visitation Orders. You and the other parent may tell the court that you want to be legal parents of the children (use form DV-180, Agreement and Judgment of Parentage).*

**⑬ ☐ Child Support** *(Check all that apply):*

a. ☐ I do not have a child support order and I want one.
b. ☐ I have a child support order and I want it changed.
c. ☐ I now receive or have applied for TANF, Welfare, CalWORKS, or Medi-Cal.
*If you ask for child support orders, you must fill out and attach form FL-150, Income and Expense Declaration or form FL-155, Financial Statement (Simplified).*

**⑭ ☐ Property Control**

I ask the court to give *only* me temporary use, possession, and control of the property listed here:

**⑮ ☐ Debt Payment**

I ask the court to order the person in ② to make these payments while the order is in effect:
☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Debt Payment" for a title.*
Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**⑯ ☐ Property Restraint**

I am married to or have a registered domestic partnership with the person in ② . I ask the judge to order that the person in ② not borrow against, sell, hide, or get rid of or destroy any possessions or property, except in the usual course of business or for necessities of life. I also ask the judge to order the person in ② to notify me of any new or big expenses and to explain them to the court.

**⑰ ☐ Spousal Support**

I am married to or have a registered domestic partnership with the person in ② and no spousal support order exists. I ask the court to order the person in ② to pay spousal support. *(You must complete, file, and serve form FL-150, Income and Expense Declaration, before your hearing).*

This is not a Court Order.

Scanned with CamScanner

Case Number: _____

**(18) ☐ Rights to Mobile Device and Wireless Phone Account**

a. ☐ **Property control of mobile device and wireless phone account**
I ask the court to give only me temporary use, possession, and control of the following mobile devices:
_____ and the wireless phone account for the
following wireless phone numbers because the account currently belongs to the person in ②:

(including area code): _____ ☐ my number ☐ number of child in my care
(including area code): _____ ☐ my number ☐ number of child in my care
(including area code): _____ ☐ my number ☐ number of child in my care

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Rights to Mobile Device and Wireless Phone Account" for a title.*

b. ☐ **Debt Payment**
I ask the court to order the person in ② to make the payments for the wireless phone accounts listed in 18a because:
Name of the wireless service provider is: _____ Amount: $ _____ Due Date: _____
*If you are requesting this order, you must complete, file, and serve form FL-150, Income and Expense Declaration, before your hearing.*

c. ☐ **Transfer of Wireless Phone Account**
I ask the court to order the wireless service provider to transfer the billing responsibility and rights to the wireless phone numbers listed in 18a to me because the account currently belongs to the person in ②.
*If the judge makes this order, you will be financially responsible for these accounts, including monthly service fees and costs of any mobile devices connected to these phone numbers. You may be responsible for other fees. You must contact the wireless service provider to find out what fees you will be responsible for and whether you are eligible for an account.*

**(19) ☐ Insurance**
I ask the court to order the person in ② NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of me or the person in ②, or our child(ren), for whom support may be ordered, or both.

**(20) ☒ Lawyer's Fees and Costs**
I ask that the person in ② pay some or all of my lawyer's fees and costs.
*You must complete, file, and serve form FL-150, Income and Expense Declaration, before your hearing.*

**(21) ☒ Payments for Costs and Services**
I ask the court to order the person in ② to pay the following:
*You can ask for lost earnings or your costs for services caused directly by the person in ② (damaged property, medical care, counseling, temporary housing, etc.). You must bring proof of these expenses to your hearing.*
Pay to: Kaiser Permanente _____ For: medical bills ____ Amount: $ $110.00
Pay to: _____ For: _____ Amount: $ _____

**(22) ☒ Batterer Intervention Program**
I ask the court to order the person listed in ② to go to a 52-week batterer intervention program and show proof of completion to the court.

**(23) ☒ Other Orders**
What other orders are you asking for?
Respondent must not own, buy or possess any weapons such as knives, guns, rifles, bullets, etc

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Orders" for a title.*

This is not a Court Order.

Scanned with CamScanner

Case Number:

**(24)** ☒ **Time for Service (Notice)**

*The papers must be personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. If you want there to be fewer than five days between service and the hearing, explain why below. For help, read form DV-200-INFO, "What Is Proof of Personal Service"?*
I am afraid of him, his reaction, and he lives in Philadelphia and my family there is also very, very afraid of him

**(26)** **No Fee to Serve (Notify) Restrained Person**

*If you want the sheriff or marshal to serve (notify) the restrained person about the orders for free, ask the court clerk what you need to do.*

**(26)** **Court Hearing**

The court will schedule a hearing on your request. If the judge does not make the orders effective right away ("temporary restraining orders"), the judge may still make the orders after the hearing. If the judge does not make the orders effective right away, you can ask the court to cancel the hearing. Read form DV-112, *Waiver of Hearing on Denied Request for Temporary Restraining Order,* for more information.

**(27)** **Describe Abuse**

Describe how the person in ② abused you. Abuse means to intentionally or recklessly cause or attempt to cause bodily injury to you; or to place you or another person in reasonable fear of imminent serious bodily injury; or to harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, keep you under surveillance, impersonate (on the Internet, electronically or otherwise), batter, telephone, or contact you; or to disturb your peace; or to destroy your personal property. (For a complete definition, see Fam. Code, §§ 6203, 6320.)

a. Date of most recent abuse: 6/13/2020

   1. Who was there? August Delforge, Claudia Black, Elizabeth Santry, Eileen Pentony

   2. Describe how the person in ② abused you or your child(ren):
     Please See Attachment 27(a)2: DV-100, Most Recent Abuse

     ☒ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

   3. Did the person in ② use or threaten to use a gun or any other weapon? ☒ No ☐ Yes *(If yes, describe):*

   4. Describe any injuries:

   5. Did the police come? ☐ No ☒ Yes
     If yes, did they give you or the person in ② an Emergency Protective Order? ☐ Yes ☒ No ☐ I don't know
     *Attach a copy if you have one.*
     The order protects ☐ you or ☐ the person in ②

This is not a Court Order.

Revised July 1, 2016      **Request for Domestic Violence Restraining Order**       DV-100, Page 5 of 6
                **(Domestic Violence Prevention)**         →

Scanned with CamScanner

Case Number:

---

**(27) Describe Abuse (continued)**

**Has the person in (2) abused you (or your child(ren)) other times?**

b. Date of abuse: 11/10/2019

1. Who was there? August Delforge

2. Describe how the person in (2) abused you or your child(ren):
   Please See Attachment 27(b)2: DV-100, Recent Abuse

   ☒ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

3. Did the person in (2) use or threaten to use a gun or any other weapon? ☒ No ☐ Yes *(If yes, describe):*

4. Describe any injuries:

5. Did the police come? ☒ No ☐ Yes
   If yes, did they give you or the person in (2) an Emergency Protective Order?
   ☐ Yes ☐ No ☐ I don't know  *Attach a copy if you have one.*
   The order protects ☐ you  or   ☐ the person in (2)
   *If the person in (2) abused you other times, check here ☐ and use Form DV-101, Description of Abuse or describe any previous abuse on an attached sheet of paper and write "DV-100, Previous Abuse" for a title.*

**(28) Other Persons to Be Protected**

The persons listed in item (3) need an order for protection because *(describe):*

Alfred Jordan Rushie is continuing to harass both me, and my husband AFTER filing a lawsuit against us (Alfred Rushie is an attorney) and he also emailed us a picture of guns to prove that we are not safe from him

**(29) Number of pages attached to this form, if any:** _____

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: June 17, 2020

Jenna E Delforge
*Type or print your name*

/s/ Jenna E Delforge
*Sign your name*

Date: _____

_____
*Lawyer's name, if you have one*

_____
*Lawyer's signature*

This is not a Court Order.

Revised July 1, 2016

**Request for Domestic Violence Restraining Order**
(Domestic Violence Prevention)

DV-100, Page 6 of 6

Scanned with CamScanner

MC-025

| SHORT TITLE: Delforge v. Rushie | CASE NUMBER: |
|---|---|

**ATTACHMENT (Number): 27(a)2**

*(This Attachment may be used with any Judicial Council form.)*

**DV-100, Most Recent Abuse:**

Alfred Jordan Rushie is a lawyer who also is an alcoholic. He went to inpatient treatment at Marworth in Scranton, PA back in September, but continues to drink and harass me, and my whole family. Out of the blue last week, he sent the police to my house early in the morning, telling them I was "unresponsive" since I wouldnt answer his texts or calls. The police wouldnt come here for that, so he said I was on drugs, and probably overdosed. After the police left, he then posted on public social media that I was again on drugs, but that I had called the police on him (which I did not). My work and my friends all saw this. When I told my brother that he had no power over me, he sent the pictures of those guns to prove that I should be scared of him. Then, the following day he filed a federal court case against me, and others in our family. Finally, this past Sunday he sent those harassing text messages to me, to prove that as a lawyer he will also do whatever he can to ruin my life

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

Scanned with CamScanner

MC-025

| SHORT TITLE: Delforge v. Rushie | CASE NUMBER |
|---|---|

**ATTACHMENT (Number):** 27(a)2

*(This Attachment may be used with any Judicial Council form.)*

### DV-100, Most Recent Abuse:

I am TERRIFIED that he will come here and kill me, or my husband. He is severely in need of professional help, but refuses. Due to this, and his alcoholism (which he fully owns, but doesn't want help for) I am legitimately concerned for my safety. On May 5th, 2020 he was briefly taken by the police, who took his first arsenal of guns and they STILL have them. The 3 guns attached to this petition are NEW ones he bought, which I didn't know he had done until he sent me the pictures to tell me to be scared....and I am.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

Scanned with CamScanner

MC-025

| SHORT TITLE: Delforge v. Rushie | CASE NUMBER: |
|---|---|

ATTACHMENT *(Number):* __27(b)2__

*(This Attachment may be used with any Judicial Council form.)*

### DV-100, Recent Abuse:

In September of 2019, my family and I had an intervention for Alfred Jordan Rushie, and we used a paid interventionist to help us. At first, Jordan refused all treatment, but agreed to go to Marworth in Scranton in the beginning of October. After leaving, Jordan went back to drinking again, but this time is angry at me, and the rest of my family stating that rehab was a waste of time and money and that we "put him there" despite that he voluntarily signed himself in. More and more he's asking us for money, which we won't give him, and now he's getting angry and scary the more that we ignore him and his requests. I'm not sure why he's so angry at me, but it's scary and the fact that he has guns despite being so addicted to alcohol is terrifying and I know he's going to hurt me, himself or someone else. He's a lawyer, so he knows to never say specifics, but his actions speak way louder than words

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

Scanned with CamScanner



 

     

 **Jordan Rushie**
7 mins · 🌐                                    •••

I made Citizen today!

1. I was armed -- with a cellphone and newspaper. And a Loco Pez burrito.

2. Cops were mad cool. I invited them in for coffee but they refused. 😵

3. None of my guns were taken. I wasn't arrested. A bit embarrassing but my neighbors know what's up.

4. My sister keeps calling the police because she thinks it's illegal to own guns and support Trump. It's not -- and the cops know this.

5. My sister is most likely going to do some time now because SWATTING is illegal:

https://en.m.wikipedia.org/wiki/Swatting #Origins

Cheers! 📷🏴



Scanned with CamScanner

8:00

<  **Jordan Rushie**
2 hrs · 

we had to reschedule. We are getting married on June 20th civilly just my parents and the person marrying us. Our new date is April 10th 2021. How about you guys?

3m  Like  Reply

 ( Write a reply... )

 **Anne Frazer**
I'm sorry your sister, and yourself secondarily, are having these problems. I hope she gets well soon.

49m  Like  Reply

 **Bryan Collins**
Wow just wow. Sorry you're going through that.

17m  Like  Reply

 **Xander Rushie**
100 % False. inb4 I'm deleted/blocked like everyone else in our family. How fast til this comment is deleted?

14m  Like  Reply

 **Xander Rushie**
Literally everyone in our family is terrified of Jordan. This has nothing to do with politics. Don't buy into his narrative 

10m  Like  Reply

   Write a comment...

   

Scanned with CamScanner





Scanned with CamScanner



Scanned with CamScanner