**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALFRED JORDAN RUSHIE, <u>et al.</u>** : | |
| : | **CIVIL ACTION** |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | **NO. 20-2773** |
| **BLACK AND GERNGROSS, P.C., <u>et al.</u>,** : | |
| : | |
| **Defendants.** : | |

## <u>ORDER</u>

**AND NOW**, this 6th day of July, 2020, upon review of the Plaintiffs' Complaint (Doc. No. 1), First Amended Complaint (Doc. No. 13), Second Amended Complaint (Doc. No. 14), and Third Amended Complaint (Doc. No. 20), I find as follows:

### <u>Procedural Background</u>

1. Plaintiffs filed their original Complaint on June 11, 2020, against Defendants Black and Gerngross, P.C., Claudia P. Black, Jenna Elise Rushie, Elizabeth Santry, AJ Delforge, the City of Philadelphia, and John and Jane Does 1–20. The Complaint alleged diversity jurisdiction under 28 U.S.C. § 1332(a)(1), as well as jurisdiction under "the Communications Act of 1934" and 18 U.S.C. § 1038(b) and (c). The Complaint pled no specific causes of action. As best as the Court can tell, the Complaint alleged claims relating to Defendants' improper calling of police on Plaintiffs and improper use of Plaintiffs' trust funds.

2. On June 28, 2020—the same day that Defendants' counsel entered their appearance, but prior to any responsive pleading or motion—Plaintiffs filed an Amended Complaint, pleading as follows:

### 1. JURISDICTION

1. Jurisdiction is proper under 18 U.S.C. § 2292.

2. Jurisdiction is proper under 18 U.S. Code § 1001.

3. Jurisdiction is proper under 47 U.S.C. § 227(e)(5).

4. Jurisdiction is proper under 18. U.S. § 875(c).

5. Jurisdiction is proper under 18 U.S.C. § 2261A.

6. Jurisdiction is proper under 18 U.S.C. § 875.

7. Jurisdiction is proper under 28 U.S.C. § 1367.

(Am. Compl. ¶¶ 1-7.)  The causes of action included:  (1) abuse of process and filing false police reports against Defendants Jenna Rushie, Claudia Black, A.J. Delforge, and Elizabeth Santry; (2) violation of fiduciary duty against Defendants Black and Gerngross, P.C. and Claudia Black; (3) malpractice against Defendants Black and Gerngross, P.C. and Claudia Black, and (4) defamation against Defendants Claudia Black, Jenna Rushie, A.J. Delforge, and Elizabeth Santry.  (Id. at "Causes of Action".)  Despite the fact that Plaintiffs sued Defendant City of Philadelphia and the John and Jane Doe Defendants, no causes of action against these Defendants were alleged.

3. An hour and a half after the filing of the First Amended Complaint, Plaintiffs filed a Second Amended Complaint identical to the First Amended Complaint except that it added a claim for replevin against the City of Philadelphia.

4. On June 30, 2020, Defendants filed a Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(a) and (b), and a Motion for an Injunction Pursuant to the All Writs Act, 28 U.S.C. § 1651, seeking an order precluding Plaintiffs from filing any additional motions or complaints without first seeking leave of Court.

5. On July 6, 2020, Plaintiffs filed a Third Amended Complaint claiming jurisdiction under all of the foregoing statutes as well as 18 U.S.C. § 1030 and 18 U.S.C. § 2707. They also added claims for (a) violation of the Computer Fraud and Abuse Act against Defendants Claudia Black and Black & Gerngross; (b) violations of the Stored Communications Act against Claudia Black and Black & Gerngross; and (c) "overpublication" against all Defendants.

**Validity of the Second and Third Amended Complaints**

6. Plaintiffs' original Complaint was filed on June 11, 2020. In the three and a half weeks since that date, Plaintiffs have filed three more iterations of the Complaint.

7. Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading *once* without leave within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a) (emphasis added). If the plaintiff has already amended one time, or if the twenty-one day period has expired, a party may amend a pleading only with the opposing party's consent or the Court's leave. Fed. R. Civ. P. 15(a)(2).

8. Here, Plaintiffs amended their Complaint the first time on June 28, 2020. Such an amendment constitutes their amendment as of right under Rule 15(a)(1).

9. Plaintiffs' Second Amended Complaint required leave of Court prior to filing. However, as it was filed less than an hour and a half after the First Amended Complaint, I will liberally construe it as simply correcting an error in the First Amended Complaint, and I will permit its filing.

10. Plaintiffs' Third Amended Complaint was filed on July 6, 2020—after Defendants' Motions for a Temporary Restraining Order and for a Preliminary Injunction—and adds several new causes of action. As Plaintiffs have neither obtained consent of Defendants nor sought leave of Court, I will dismiss the Third Amended Complaint as improperly filed.[1] In turn, the Second Amended Complaint remains the operative document.

---

[1] Even if Plaintiffs had requested leave to file the Third Amended Complaint in order to plead the additional causes of action, I would likely deny leave as futile as Plaintiffs fail to set forth any federal claim under either the two new alleged causes of action.

First, Plaintiffs allege a violation of the Computer Fraud and Abuse Act ("CFAA"), which provides that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator." 18 U.S.C. § 1030(g). The statute defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). Courts have held that, to fall within this definition, the alleged "loss" must be related to the impairment or damage to a computer or computer system. Fontana v. Corry, No. 10–1685, 2011 WL 4473285, at *7 (W.D. Pa. Aug. 30, 2011); see also Clinton Plumbing & Heating of Trenton, Inc. v. Ciaccio, No. 09-2751, 2010 WL 4224473, *6 (E.D. Pa. Oct. 22, 2010). A claim for future lost revenue due to the dissemination of trade secrets, for harm to reputation damages, or for harm to ongoing business ventures, *i.e.*, a loss of business, do not qualify as a "loss" under the CFAA. Clinton Plumbing, 2010 WL 4224473, at *6 (citing cases); Fontana, 2011 WL 4473285, at *8. The Third Amended Complaint pleads no impairment or damage to any computer or computer system owned or operated by Plaintiff.

As to Plaintiffs' new cause of action under the Stored Communications Act, 18 U.S.C. § 2702 prohibits the disclosure of the contents of electronic communications obtained in violation of 18 U.S.C. § 2702. By its terms, however, § 2702 applies only to persons or entities who provide an electronic communications service or a remote computing service to the public. See 18 U.S.C. § 2702(a)(1) & (2); see also Walker v. Coffey, 956 F.3d 163, 167 (3d Cir. 2020) (citing 18 U.S.C. § 2710(15), which defines "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications."). As neither Defendant Black nor Defendant Black & Gerngross can plausibly be alleged to function as an "electronic communications service," any addition of this claim would be futile.

**Subject-Matter Jurisdiction**

11. Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995); see also Group Against Smog and Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

12. Here, it is clear from the Second Amended Complaint—and all previous iterations of the Complaint—that this Court lacks subject-matter jurisdiction over Plaintiffs' claims.

13. First, no federal question jurisdiction exists under 28 U.S.C. § 1331. "As now codified, the law provides: 'The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 376–77 (2012) (quoting 28 U.S.C. § 1331)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (U.S. 1987) "When federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction under § 1331." Mims, 565 U.S. at 378–79.

14. The Second Amended Complaint lists six statutes under its statement of jurisdiction.[2] Four of those statutes are criminal statutes that bear no relation to this action and do not provide for any private right of action: 18 U.S.C. § 2292,[3] 18 U.S.C. § 1001,[4] 18 U.S.C. § 875(c),[5] and 18 U.S.C. § 2261A.[6] Absent the availability of a private cause of action under these statutes, Plaintiffs cannot rely on them to create federal jurisdiction.

15. One of the statutes—28 U.S.C. § 1367—references the exercise of supplemental jurisdiction over state law claims when the Court has original jurisdiction under some other statute. But section 1367 does not confer subject matter jurisdiction on a court when there

---

[2] In the original Complaint, Plaintiffs also make reference to the Anti-Swatting Act, which is a bill that has yet to be enacted and, thus, is not a federal law.

[3] This statute involves prohibitions on the destruction of, or interference with, vessels or maritime facilities and provides that, "[w]hoever imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act that would be a crime prohibited by this chapter or by chapter 111 of this title, shall be subject to a civil penalty of not more than $5,000, which shall be recoverable in a civil action brought in the name of the United States." 18 U.S.C. § 2292.

[4] This statute involves prohibitions on fraud and false statements to the United States or federal entities and provides, in pertinent part, "[e]xcept as otherwise provided in this section, however, in the matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism . . . imprisoned not more than 8 years, or both. . . ." 18 U.S.C. § 1001.

[5] This statute pertains to extortion and threats and provides, "[w]hoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c).

[6] 18 U.S.C. § 2261 is the interstate stalking statute which provides for governmental enforcement. The statute does not provide for a private cause of action. See Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, and Makeup, 216 F. Supp. 3d 328, 334 (S.D.N.Y. 2016).

is no independent basis for such jurisdiction.  MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1102 (3d Cir. 1995).

16. Finally, Plaintiffs cursorily state that "[j]urisdiction is proper under 47 U.S.C. § 227(e)(5)." (Sec. Am. Compl. ¶ 3.)  This statute references the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which was designed to prohibit "any person within the United States, or any person outside the United States if the recipient is within the United States," from making calls using an automatic telephone dialing system, initiating any telephone call to a residential telephone line using an artificial or prerecorded voice, using a fax machine to send an unsolicited advertisement, or using an automatic dialing system to engage two or more telephone lines of a multi-line business," except for certain defined exceptions.  47 U.S.C. § 227(b)(1).  Although this statute creates a private right of action, the Second Amended Complaint neither expressly pleads a cause of action under the TCPA nor alleges any facts involving pre-recorded or automated telemarking calls that would suggest a violation of the TCPA.  Indeed, the sole causes of action set forth in the Second Amended Complaint are for (1) abuse of process and filing false police reports; (2) violation of fiduciary duty; (3) malpractice; (4) defamation; and (5) replevin.

17. This Court also lacks subject-matter jurisdiction under 28 U.S.C. § 1332.  This section gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  Id.  "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quoting  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)).  "It is . . . well established that when jurisdiction

depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." Thomas v. Bd. of Trs., 195 U.S. 207, 211 (1904); Flickinger v. Toys R Us, Inc., No. 10-107, 2010 WL 406089, at *1 (M.D. Pa. Jan. 27, 2010).

18. Neither the First nor the Second Amended Complaints plead the citizenship of any of the parties, which is automatically fatal to any claim of jurisdiction under 28 U.S.C. § 1332. Moreover, the original Complaint precludes any assertion of diversity jurisdiction as it pleads that Plaintiffs Rushie and Young are citizens of Pennsylvania, and Defendants Black & Gerngross, Claudia Black, and City of Philadelphia are also citizens of Pennsylvania. Taking these allegations as true, complete diversity does not exist.

**WHEREFORE**, it is hereby **ORDERED** that:

a. This case is **DISMISSED** for lack of subject-matter jurisdiction, under Federal Rule of Civil Procedure 12(h)(3), without prejudice to Plaintiffs' right to re-file in state court.

b. Plaintiffs' Motion to Disqualify Counsel (Doc. No. 11), Plaintiffs' Amended Motion to Disqualify Counsel (Doc. No. 12), Defendants' Motion for Temporary Restraining Order (Doc. No. 16), and Defendants' Motion for Preliminary Injunction (Doc. No. 18) are **DENIED AS MOOT**.

c. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:


 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**